### UNITED STATES v. MARKS.

(District Court, S. D. Texas, at Galveston. March 3, 1925.)

Game ⬤⟳9—Information held not to charge offense under Migratory Bird Treaty Act.

An information charging possession and sale of aigrettes is insufficient to charge an offense under Migratory Bird Treaty Act, § 2 (Comp. St. Ann. Supp. 1919, § 8837b), unless it also alleges that the same were taken since the passage of the act.

Criminal prosecution by the United States against Florence Marks. On demurrer to information. Demurrer sustained.

H. M. Holden, U. S. Dist. Atty., of Houston, Tex.

Adrian Levy, of Galveston, Tex., for defendant.

HUTCHESON, District Judge. Demurrer to criminal information, charging in count 1 that defendant did, on the 20th day of November, 1923, unlawfully possess certain aigrettes taken from the egret, or heron, in violation of the Migratory Bird Treaty Act of July 3, 1918 (Comp. St. Ann. Supp. 1919, §§ 8837a–8837m), count 2, that she did sell or offer same for sale. The demurrer challenges the information, because it does not allege when or how these aigrettes came into defendant's possession and specifically does not allege that they were taken since the passage of the act.

The government does not contend that the act penalizes a possession or a sale completed before the taking effect of the act, but it asserts that the act has full prospective operation, so that it is sufficient, to state an offense, merely to charge possession and sale on a date subsequent to the act. With this contention I cannot agree, for neither has Congress so enacted, nor could it. If construed to have the effect contended by the government, it is inconsistent and void, for, whatever might be said as to the power of Congress to make penal the possession and sale of birds rightfully owned and possessed before the enactment of the statute, if Congress had always had the power

to prohibit, but had merely never exercised it, the conclusion is inevitable that here Congress cannot so legislate, since it never had any general police power over migratory birds, but derived its whole power from the treaty. United States v. Selkirk (D. C.) 258 F. 775; U. S. v. Thompson (D. C.) 258 F. 257; United States v. Samples (D. C.) 258 F. 479.

It is the duty of a court to construe an act so as to sustain rather than to defeat it. In the light of this principle, the act must be construed as entirely prospective in its operation as to taking or killing birds, and so as not to convert into a penal act either the possession or the sale of a bird, or part of a bird, taken before its enactment. This being so, an information which fails to charge the gist of the offense, the taking of the bird, or part of it, after the enactment, is bad upon demurrer. United States v. Fuld Store Co. (D. C.) 262 F. 836.

Let an order be entered sustaining the demurrer, and giving the United States time within which to amend, in default of which the information will be dismissed.