422

## UNITED STATES v. FRANKFELD et al.
### No. 22209.

United States District Court
D. Maryland, Criminal Division.
Jan. 25, 1952.

Bernard J. Flynn, U. S. Atty., Baltimore, Md., for plaintiff.

Philip Frankfeld and Maurice Braverman, pro se.

Harold Buchman, Baltimore, Md., for George A. Meyers, Regina Frankfeld & LeRoy Wood.

R. Palmer Ingram, Baltimore, Md., for Dorothy Blumberg.

James T. Wright, Washington, D. C., for LeRoy H. Wood.

CHESNUT, District Judge.

On November 30, 1951, an opinion and order of court was filed in the above case, D.C., 101 F.Supp. 449, overruling various motions including a motion to dismiss the indictment on various grounds, one of which was that it was too vague and general and legally insufficient in particular statements. On December 20, 1951 the defendants filed a motion for re-consideration of the order denying the motion to dismiss the indictment. A stated basis for this was that on December 11, 1951 District Judge William C. Mathes in the District Court for the Southern District of California in the case of United States v. Schneiderman, 102 F.Supp. 87, granted a motion to dismiss the indictment identical to the indictment herein. And it was said in the petition that "The major ground for the ruling in that case was the failure of the indictment to aver specific intent, and corollary thereto, the failure of the indictment to state an offense, in that the element of 'present danger' is missing from the indictment. A copy of the opinion is appended hereto."

This motion for re-consideration of the prior order of this court has been orally heard and the opinion of the California court mentioned has been considered. This court has also again reviewed the opinion of the Supreme Court of the United States in the case of United States v. Dennis, 341 U.S. 494, 71 S.Ct. 857, 871, 95 L.Ed. 1137.

In my opinion the indictment was not insufficient for the reason stated. The indictment was for conspiracy to violate a named statute of the United States. 18 U.S.C.A. § 2385. It was in the usual form of indictment for conspiracy. Indictments in similar form in the Dennis case were upheld by the District Court and by the Second Circuit Court of Appeals and have recently been upheld by District Judge Conger in another case of the same nature. On review of the Supreme Court opinion in the Dennis case, I find nothing therein to indicate that the indictment in this case, following long well established usage, should be regarded as insufficient. While the scope of certiorari as granted in the Dennis case by the Supreme Court did not expressly include the consideration of the sufficiency of the indictment, I find

nothing in the opinion as a whole to indicate any implied criticism of its sufficiency. The contention now made to the contrary seems to me to be based on a failure to distinguish between pleading and proof.

As I understand the opinion in the Dennis case the clear holding is that the Smith Act was not unconstitutional on its face, and on the evidence in the case the Act was not unconstitutionally applied.

As I read the opinion of the court, what was said with regard to the matter of "intent" and "clear and present danger" had reference to the sufficiency of the evidence in the case. It was contended by the defendants that the provision of the First Amendment with respect to "free speech" was a sufficient defense, but the opinion of the court analyzed the former decisions upon the subject and held to the contrary.

The final paragraph of the opinion was "We hold that §§ 2(a)(1), 2(a)(3) and 3 of the Smith Act, do not inherently, or as construed or applied in the instant case, violate the First Amendment and other provisions of the Bill of Rights, or the First and Fifth Amendments because of indefiniteness. Petitioners intended to overthrow the Government of the United States as speedily as the circumstances would permit. Their conspiracy to organize the Communist Party and to teach and advocate the overthrow of the Government of the United States by force and violence created a 'clear and present danger' of an attempt to overthrow the Government by force and violence. They were properly and constitutionally convicted for violation of the Smith Act. The judgments of conviction are affirmed".

With respect to the sufficiency of the indictment, it is importantly to be noted that it is a long and well established rule of criminal pleading that an indictment need not negative matter constituting a defense where it does not arise out of the language contained in the statute on which the indictment is based. It is therefore clear that the present contentions as to the insufficiency of the indictment overlook the

distinction between pleading and proof. And with respect to the sufficiency of the proof the opinion by the Chief Justice also clearly pointed out "Where there is doubt as to the intent of the defendants, the nature of their activities, or their power to bring about the evil, this Court will review the convictions with the scrupulous care demanded by our Constitution."

For these reasons the defendants' motion for a reconsideration of the order overruling the motion to dismiss the indictment is hereby this 25th day of January, 1952, overruled.