UNITED STATES v. FRANKFELD et al.

No. 22322.

United States District Court
D. Maryland, Criminal Division.
Feb. 29, 1952.

[redacted] 

[redacted]

[redacted]

Bernard J. Flynn, U. S. Atty., Baltimore, Md., for plaintiff.

Philip Frankfeld pro se.

Maurice Louis Braverman, pro se.

Carl Bassett, Baltimore, Md., for Dorothy Rose Blumberg.

Harold Buchman, Baltimore, Md., for George A. Meyers, Regina Frankfeld and LeRoy H. Wood.

James T. Wright, Washington, D. C., for LeRoy H. Wood.

CHESNUT, District Judge.

The six defendants were indicted January 15, 1952 for an alleged conspiracy to violate the Smith Act, 18 U.S.C. §§ 10 and 11 (1946 Ed.), 18 U.S.C. §§ 2385 and 371 (1948 Ed.). Each and all of them (apparently with the exception of Dorothy Rose Blumberg) have filed motions (1) for a bill of particulars and (2) to dismiss the indictment for various assigned reasons.

On August 14, 1951 the same defendants were previously indicted in criminal case No. 22209 for a conspiracy to violate the Smith Act. The present case is a second indictment for essentially the same matter but with some additional wording. The apparent reason for the second indictment has been heretofore indicated in an opinion of this court filed in the former case (No. 22209) on January 25, 1952 in which this court overruled the motion for a re-hearing of the defendants' motion to dismiss the indictment. D.C., 102 F.Supp. 422. Reference was there made to an opinion by District Judge William C. Mathes in the District Court for the Southern District of California in the case of United States v. Schneiderman, D.C., 102 F.Supp. 87, and which was made by counsel for the defendants the basis for a motion for re-hearing on the former order of this court overruling a motion to dismiss the indictment in the case here, No. 22209.

The presently considered motions for a bill of particulars and to dismiss the indictment are very similar to and substantially the same as like motions which had been filed, fully heard and overruled upon written opinions heretofore filed in case No. 22209. D.C., 101 F.Supp. 449; 102 F.Supp. 422. Still other motions were filed by the defendants in case No. 22209. In the present case, No. 22322, it has been or will be stipulated:

"1. That all motions filed in Criminal Case No. 22209 shall be regarded as having been filed in the present case, No. 22322, and said motions and all proceedings relating thereto shall become a part of the record that may hereafter be desired to be made by any party hereto with respect to the indictment in the present case.

"2. That all objections made to the constitution of the personnel of the Grand Jury in the indictment in Criminal Case No. 22209 shall be considered as having been urged *mutatis mutandis* in the present case, and the rulings thereon shall be applicable to the indictment herein.

"3. That the facts, figures, arguments, and orders applicable to Criminal Case No. 22209 shall be considered as applicable to the indictment in the present case, No. 22322."

The motions for a bill of particulars and to dismiss the indictment in the present case involve substantially if not identically the same questions that were fully heard, considered and decided by the court, with written opinions, in the former case, and it is my understanding of the stipulation that the opinions of the court with respect to those several matters shall be considered as a part of the record in the present case and therefore for brevity and economy in the

[redacted]

accumulation of costs should not be here repeated.

■ Therefore the motions for a bill of particulars and to dismiss the indictment in the instant case are hereby *overruled* for the reasons heretofore stated with respect to similar motions in the former case.

The defendant, Maurice Louis Braverman, in the instant case has separately filed a motion for a severance, that is a separate trial of his case instead of a joint trial with the other defendants. In the prior case each of the defendants moved for a severance and that motion after hearing was overruled for the reasons stated in the opinion filed. In the instant case I have heard further argument at length on behalf of Mr. Braverman by a New York lawyer representing him for the purposes of the particular motion. The United States Attorney opposes the severance. In support of the motion Mr. Braverman has filed an extended affidavit which is largely in the nature of a legal argument. And in further support of the motion there has been filed a shorter brief amicus curiae signed by two members of the Baltimore Bar and bearing the purported typewritten signatures of about 200 lawyers, I understand, in other Cities and States, of the United States.

I have carefully considered this motion for severance and particularly the reasons assigned in support of it both in the defendant's motion and affidavit and in the amicus brief. There are two contentions: (1) That the indictment is essentially one for an alleged *political* offense, and (2) that as Braverman, who has been a member of the Baltimore Bar for the past ten years, has been counsel for the Communist Party locally and has frequently appeared as counsel for admitted or alleged Communists, it will be practically impossible for him to obtain a fair trial in his case jointly with the other five defendants, because it is said that there is a widespread popular prejudice against lawyers who professionally represent Communists and that jurors, being laymen, will fail to understand the perfectly legitimate activities of lawyers in their professional capacity representing in litigation Communists or other proponents of unpopular causes. Or, in other words, that the attorney-client relationship perfectly lawful and praiseworthy in itself, cannot be made clear to jurors who are laymen.

■ I have carefully considered this matter and have reached the conclusion that the motion for severance must be *overruled*. With respect to the contention that the case is only a political one, I think it necessary to make but two comments: (1) that the same consideration applies equally with respect to the other defendants in the case and in the hearings on motions in the earlier indictment such contentions have been freely made by the defendants or some of them in open court; and (2) it should be sufficient to point out that the indictment is based on a specific Act of Congress which represents the public policy and law of the United States.

■ With regard to the even more fully pressed contention that because of the attorney-client relationship the defendant, Braverman, will not be able to have a fair trial jointly with the other defendants, I think this is an entirely mistaken view. It ignores the essential functions of a federal district judge in the trial of any criminal case. It is true that conspiracy cases require particularly careful consideration and application of the rules of evidence, but it is clearly the duty of the trial judge in his rulings on evidence to discriminate between evidence if offered which tends to support the charge in the indictment and evidence which tends only to show lawful professional activity in representing clients. It certainly should not be necessary to point out that a lawyer representing any client with professional propriety is to be applauded and not subject to criticism by reason of his professional activity. Any assumption to the contrary is opposed to the whole history and traditions of the English and American Bar. The very important historical professional activity of Thomas Erskine of England and Andrew Hamilton of Philadelphia (in the seditious libel trial of Zwenger in New York) more than 150 years ago is a well-known treasured tradition in the annals of English-American pro-

fessional service. The assumption that the trial judge would not understand this is contrary to the essential functions of the trial judge whose duty, of course, it would be in an appropriate case to clearly instruct the jury on that point if requested by counsel or, if necessary on his own motion, if the evidence in the case warrants it. The erroneous assumption also ignores the power and indeed the duty of a federal trial judge in ruling on motions for a new trial if the verdict should be contrary to the instructions of the court or on such insufficient evidence as would justly warrant the granting of a new trial in the interests of justice. There is certainly nothing in the indictment in this case to indicate that the defendant, Braverman, is charged only with the professional representation of Communists. The charge is that he jointly with others conspired to violate a specific law of the United States which has been held constitutional by the Supreme Court of the United States. But it is only on proof of the truth of that charge beyond a reasonable doubt that the defendant, Braverman, or any of the other defendants, can be justly convicted. And if the evidence of the Government meets this heavy burden of proof it is certainly no defense that the particular defendant is also a member of the Bar of this court, whose admission to the Bar required an oath on his part to support the Constitution of the United States.

Another matter should now be referred to. In the present case the defendant, Braverman, is presently not represented by counsel other than himself although in the earlier indictment he was also represented by Mr. Harold Buchman, a member of the Bar of this court. In Braverman's present motion for severance he states that he has been unable to obtain the services of one or more members of the Bar to defend him in this case although he has made considerable effort to obtain such professional service. As to this it should be pointed out that on several occasions both in the earlier case in this court and in this one, I have stated to Mr. Braverman that if he desired me to do so I would be glad to appoint a thoroughly competent and experienced member of the Bar of this court to represent him in his case, and have invited him to personally suggest what lawyer or lawyers he would like to have so appointed. As the trial of the case has now been set after some postponements, for March 10th next, it would seem important for Mr. Braverman to take action in this matter if he wishes the assistance of the court. Up to the present time his response to the court's repeated proffers of professional assistance on his behalf are in effect a refusal to accept such additional professional assistance.

All the other defendants in this case have heretofore been represented in both cases by counsel of record, with the exception of Philip Frankfeld who has heretofore declined the appointment of counsel to represent him and has expressly in writing stated his personal wish and intention to act for himself in the defense of the case.

For the reasons stated the motion by the defendant, Braverman, for a severance is hereby *overruled*.