**UNITED STATES of America,**
**Appellee,**

v.

**John L. IRELAND, Appellant.**

**No. 73–1519.**

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 16, 1973.

Decided Nov. 21, 1973.

Thomas A. Rymer, Prince Frederick, Md., on brief, for appellant.

George Beall, U. S. Atty., and Michael E. Marr, Asst. U. S. Atty., on brief, for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

John L. Ireland was charged with aiding and abetting the taking of migratory birds with the aid of bait on and over a baited area, in violation of 16 U.S.C. §§ 703–711 and 18 U.S.C. § 2. After a request for a jury trial was denied, Ireland was tried and found guilty by the district judge. Ireland then appealed the conviction. We affirm.

Ireland raises two grounds for reversal. The first is that sufficient evidence to permit a finding of guilt was not presented. The evidence adduced at trial was substantially conflicting. On appeal, however, the evidence to support the conviction must be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

The case presented by the two principal government witnesses, one of whom was a federal wildlife agent and the other a state wildlife agent, may be briefly summarized as follows: The two agents heard shooting approximately a mile distant, and proceeded to the scene by boat at 30 miles per hour. At a distance of some 400 yards they saw an individual, riding alone in a green boat but too far to be identified, pull an object from the water which they claim appeared to be a dead duck. The individual, upon the agents' approach, increased his speed and slipped into a boat blind. The agents then observed three or four ducks being thrown out of the boat blind onto the adjacent marsh. They then pulled up alongside the blind and saw Ireland in the green boat and one or two other persons on shore. While the agents lost sight of the boat and its occupant for a short time not exceeding thirty seconds after it went into the boat blind, each testified that it would have been impossible for anyone other than Ireland to

have been the person in the boat who they had initially observed. Upon inspection, the agents discovered two scaup ducks in the green boat occupied by Ireland, and identified the ducks which had been thrown from the boat blind as four hen canvasbacks.

While it did not appear that Ireland himself had shot the ducks, this apparently having been done by several persons in a nearby shooting blind, this is not required by the statute for conviction. Nor is there any question that the statutory requirement that the area be baited was satisfied, since it was undisputed that the federal agent found approximately eighteen grains of corn in near proximity. While there was some evidence that Ireland knew of the baiting or even baited the area himself, such knowledge is not a prerequisite for conviction. United States v. Tarmon, 227 F.Supp. 480 (D.Md.1964). Thus, since all the statutory requirements were satisfied, and since the evidence adduced was sufficient to allow the district judge to find Ireland guilty beyond a reasonable doubt, we refuse to overturn the verdict as based on insufficient evidence. United States v. Sherman, 421 F.2d 198 (4 Cir. 1970), cert. denied, 398 U.S. 914, 90 S.Ct. 1717, 26 L.Ed.2d 78 (1970).

Ireland's second argument is that the denial of a jury trial was unconstitutional. The maximum penalty under the Migratory Bird Treaty Act is a fine not more than $500, or imprisonment not more than six months, or both. 16 U. S.C. § 707. This is statutorily classified as a petty offense. 18 U.S.C. § 1(3). The Supreme Court has held that jury trials are required only when an offense is held to invoke "serious" consequences. The dividing line determining whether an offense is serious or petty is whether imprisonment is authorized for more than six months. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L. Ed.2d 437 (1970). Ireland was thus not entitled to a trial by jury for this offense.

Accordingly, we dispense with oral argument and affirm the judgment of the district court.

Affirmed.