**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Marvin Saddle BLANKET, Defendant-Appellant.**

**No. 74–153 Cr.**

United States District Court, W. D. Oklahoma, Criminal Division.

Jan. 31, 1975.

---

O. B. Johnston, III, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Houston Bus Hill and Delmer L. Stagner, Oklahoma City, Okl., for defendant-appellant.

DAUGHERTY, Chief Judge.

This is an appeal from the decision and judgment (of conviction) and sentence of the United States Magistrate for this District in the above case. This appeal is pursuant to Rule 8, Federal Rules of Procedure for the Trial of Minor Offenses before United States Magistrates.

The Defendant was charged with a violation of Title 16, United States Code, § 703 and 50 CFR § 1013, (a petty offense), which prohibit, in part, the selling of certain migratory birds or any part of such birds. The Complaint asserted that on December 15, 1973 the Defendant sold two feathered fans, one made in part from the feathers of a Rough-Legged Hawk and the other made in part from the feathers of a Red-Tailed Hawk. The Defendant was found guilty as charged by the United States Magistrate and was placed on probation for two years.

■ In his appeal the Defendant claims (1) that the Complaint is defective as a matter of law and the charge should therefore be dismissed inasmuch as the Complaint charges the Defendant with *selling* the feathers of the migratory birds involved on a date after the effective date of the law as to the birds involved (which is March 10, 1972) but does not allege that the Defendant *obtained* said feathers prior to said effective date of the law and (2) that the Rough-Legged Hawk and the Red-Tailed Hawk are not birds included or covered

under the law involved herein, and (3) if said birds are included or covered under the law the Defendant obtained the feathers involved before the effective date of the Statute. The Defendant further appealed on the grounds that the Defendant was entrapped into the commission of the offense. Apparently the case was tried before the Magistrate with the Defendant claiming as defenses (1), (2) and (3), *supra*, and also the defense of entrapment. In oral arguments herein the Defendant abandoned his defense of entrapment inasmuch as he does not admit the commission of the crime. Such an admission is required by our Circuit before this defense may be asserted. See United States v. Gibson, 446 F.2d 719 (Tenth Cir. 1971); Martinez v. United States, 373 F.2d 810 (Tenth Cir. 1967); United States v. Freeman, 412 F.2d 1181 (Tenth Cir. 1969); Munroe v. United States, 424 F.2d 243 (Tenth Cir. 1970). Thus, the Court has under consideration as errors defenses (1), (2) and (3), *supra*, all of which the Magistrate declined to uphold.

With reference to this appeal the Court has called for briefs from the parties which have been received and has also conducted oral arguments. At the oral arguments it was stipulated and agreed between the parties, inasmuch as a transcript of the testimony below has not been presented to this Court, that the Court may listen to the tape recorded testimony of all the witnesses before the Magistrate and consider the evidentiary record below in that fashion without the preparation of a written transcript. The parties further agreed that in event of an appeal from this Court to the Court of Appeals that the appealing party would be responsible for seeing that a written transcript of the testimony which the Court will hear from the tape recording is presented to the Court of Appeals for its use and consideration.

■ Defendant's first claim on appeal is that the Complaint herein is defective as a matter of law and the charge should be dismissed because the Defendant is charged with *selling* the feathers of migratory birds after the effective date of the law involved but does not allege that the Defendant *obtained* said feathers prior to said effective date. This claimed error is deemed to be wholly without merit.

The Statute involved, 16 United States Code § 703 provides:

"Taking, killing, or possessing migratory birds unlawful

Unless and except as permitted by *regulations made as hereinafter provided in sections 703–711 of this title,* it shall be unlawful at any time, by any means or in any manner, to pursue, hunt, take, capture, kill, attempt to take, capture, or kill, possess, offer for sale, *sell,* offer to barter, barter, offer to purchase, purchase, deliver for shipment, ship, export, import, cause to be shipped, exported, or imported, deliver for transportation, transport or cause to be transported, carry or cause to be carried, or receive for shipment, transportation, carriage, or export, *any migratory bird, or any part,* nest, or egg *of any such birds,* included in the terms of of the conventions between the United States and Great Britain for the protection of migratory birds concluded August 16, 1916 (39 Stat. 1702), and the United States and the United Mexican States for the protection of migratory birds and game mammals concluded February 7, 1936. July 3, 1918, c. 128, § 2, 40 Stat. 755; June 20, 1936, c. 634, § 3, 49 Stat. 1556." (Italics supplied)

■ The Statute clearly prohibits the sale of the proscribed birds or any part of said birds (feathers). The charge in the Complaint is that the Defendant did sell fans containing feathers of alleged proscribed birds. Also the Complaint states that such sales took place after the alleged effective date of the law. The Complaint follows the statute which is the basic requirement.

United States v. Harding, 475 F.2d 480 (Tenth Cir. 1973). It is not necessary to a valid Complaint and charge under the law involved that the Complaint contain the additional language which Defendant urges it must contain to avoid being a defective Complaint and charge. If the omitted language suggested by the Defendant to be a requirement for a valid Complaint should in any way constitute a defense, it is generally not required that a prosecutor must negative a defense. Evans v. United States, 153 U.S. 584, 590, 14 S.Ct. 934, 937, 38 L.Ed. 830 (1894); United States v. Thomas, 144 U.S.App.D.C. 44, 444 F.2d 919 (1971); United States v. Fargas, 267 F.Supp. 452 (S.D.N.Y.1967). The statement of a criminal offense need not negative matter constituting a defense where it does not arise out of the language contained in the statute on which the charge is based. United States v. Frankfeld, et al., 102 F.Supp. 422 (D.Md.1952); United States v. Miller, 17 F.R.D. 486 (D.Vt.1955). Thus, the Complaint follows the Statute, does not omit statutory language, is not defective and the Magistrate should not have dismissed the Complaint for this reason.

■ As to Defendant's second claim on appeal which is that the Rough-Legged Hawk and the Red-Tailed Hawk are not birds included or covered under the law herein, the Court finds such claim to be without merit.

The above-quoted section is a part of the Migratory Bird Treaty Act passed on July 3, 1918 to give effect to the Convention between the United States and Great Britain for the protection of migratory birds. This Treaty was concluded at Washington, D. C. on August 16, 1916. 40 Stat. 755. It was amended in 1936 to include the "Convention between the United States of America and the United Mexican States for the protection of migratory birds and game mammals" signed at Mexico City, February 7, 1936. The Senate advised ratification April 30, 1936. It was ratified by the President

October 8, 1936, and by Mexico February 12, 1937. Ratifications were then exchanged and proclaimed March 15, 1937. The amendment to the statute became effective March 15, 1937. The Rough-Legged Hawk and Red-Tailed Hawk are not birds included in the Convention between the United States and Great Britain. These birds were not specifically included by name in the original Convention with the Mexican states concluded February 7, 1936. The latter Convention, however, provided in Article IV that in addition to migratory birds enumerated therein by families it should also apply for the purposes of the Convention to "others which the Presidents of the United States of America and the Mexican States may determined by common agreement." The governments of the United States and Mexico pursuant to this provision effected by an exchange of notes March 10, 1972, an agreement supplementing the agreement of February 7, 1936. The supplement agreement which was entered into force March 10, 1972, added to the list of birds set forth in Article IV of the Convention the family Accipitridae which includes the Rough-Legged Hawk and the Red-Tailed Hawk. The 1972 supplementary agreement was authorized by the President of the United States. In Executive Order 11629 dated October 26, 1971, the President of the United States expressly delegated authority to the Secretary of State to perform the function vested in the President by Article IV of the 1936 Convention and stated that no further ". . . approval, ratification or other action by the President . . ." would be required. By this act of the President the Rough-Legged Hawk and the Red-Tailed Hawk did become "included in the terms of the Conventions between . . . the United States and the United Mexican States for protection of migratory birds and game mammals concluded February 7, 1936." 50 C.F.R. 1013 is no more than a listing by the most widely used common name or names followed by the scientific name in italics

of the migratory birds defined in the Conventions. It does not enlarge or purport to enlarge the Conventions or extend the scope of the Act to any bird not included in the Conventions.

Thus, the Rough-Legged Hawk and the Red-Tailed Hawk are birds included or covered under the law herein and were so included or covered on the date of the alleged sale of their feathers by the Defendant as complained of herein. The Magistrate did not err in refusing to dismiss the Complaint on the ground that the birds involved were not included or covered under the law.

The Defendant's third claimed error is that the Defendant obtained the feathers involved before the effective date of the law and therefore cannot be charged or found guilty of selling the same after the effective date of the law.

In connection with a Motion to Dismiss, the United States Magistrate considered this matter and concluded that the same was defensive in nature, need not be negatively pleaded by the Government, would not support a dismissal of the Complaint and would be considered at the trial.[1] In keeping with the understanding reached as stated above, the Court has listened to the evidentiary record before the United States Magistrate.

The two hawks involved were covered by the law on March 10, 1972 as shown above. The sale of the two feathered fans admittedly occurred on December 15, 1973 some 21 months later. The prosecution by an expert witness estab-

---

1. Defendant relies on three old cases, United States v. Fuld Store Co., 262 F. 836 (D.C. Mont.1920) ; In Re Informations Under Migratory Bird Treaty Act, 281 F. 546 (D.C. Mont.1922) ; and United States v. Marks, 4 F.2d 420 (S.D.Tex.1925), holding that the Migratory Bird Treaty Act does not apply to birds or plumage of birds taken before its enactment. They further hold that an information charging possession or sale of such birds or their feathers after the effective date of the Act and failing to also state the birds were taken after the effective date of the Act was a defective information and would be dismissed. The Magistrate declined to apply these cases citing Fippin v. United States, 162 F.2d 128 (Ninth Cir. 1947) which states :

"It is not necessary that an Information or Indictment negative every possibility or combination of facts that could technically be a defense. McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 67 L.Ed. 301; Rose v. United States, 9 Cir., 149 F.2d 755. It is sufficient if the facts as stated in the Information are definite enough so that the defendant may know of what he is charged and so as to protect him from a subsequent prosecution for the same offense."

And then held :

"To require the government to plead and prove that the feathers did not come from birds taken before they were protected by the Act would place a most onerous burden upon the prosecution. Practically speaking it would foreclose prosecution in most cases for selling or offering to sell feathers since rarely would this information be available to the prosecution. The source of the feathers sold by the accused would ordinarily be a matter peculiarly within his knowledge. The policy of the Act to protect migratory birds would be severely weakened by such a judicial rule not demanded by the plain language of the statute. On the other hand if it is the claim of the accused that the feathers are not covered by the Act because the source is birds taken before the Act then it does not subject them to hardship and oppression to require them to present their proof. The evidence which the prosecution will be required to present under the allegations of the complaints is certainly sufficient to establish a prima facie case against the defendants. In view of the manifest disparity in convenience of proof and their own unique opportunity for knowledge of the source of the feathers the defendants must, if that is their defense, come forth with the evidence to establish that the feathers came from birds killed before they were protected by the Act."

It is believed that the ruling of the Magistrate is correct. Assuming that possession prior to the effective date of the Act is a defense against selling after the effective date of the Act (and the Court is not satisfied that this is necessarily so) such would certainly be defensive and fall within the familiar rules that a charge need not negate a defense and that certain defenses must be established by a Defendant notwithstanding one's right to remain silent in a criminal matter.

lished that the feathers were in very good condition, were not molted feathers because they were not frayed or faded, that the feathers in each fan came from the same bird, that the 10–12 tail feathers were matched feathers in each fan, that if a bird should molt all of his tail feathers at one time it could not fly, that an electrocuted bird would not lose its feathers at the time of electrocution but would be killed and drop to the ground in intact condition and that hawks due to their size are not ordinarily electrocuted. The Defendant's testimony was that he found the feathers of the Red-Tailed Hawk in 1970 on the farm or allotment of his mother-in-law in Comanche County, that they were loose feathers on the ground, that he found no carcass of a bird in connection with these feathers, that he washed or cleaned the feathers, trimmed their rough edges, that he paired them up and made a fan from the same about 8 to 12 months after he found them on the farm. Further, that he found the feathers of the Rough-Legged Hawk before Christmas in 1971 on his wife's farm or allotment in Comanche County, that they were loose feathers on the ground along a fenceline, that he found no carcass of a bird in connection with said feathers, that he washed or cleaned the feathers, trimmed their rough edges, that he paired them up and made a fan from the same about one year after he found them on the farm.

Upon a consideration of this evidence, the Magistrate found the Defendant guilty as charged beyond a reasonable doubt and in doing so remarked that the testimony of the Defendant was not worthy of belief, thus concluding it was impossible in his judgment, in view of the testimony of the Government's expert, that the Defendant could have found the matched feathers that went into the two fans involved in the manner and at the locations that he testified that he found the same. As a fact trier may reject all the testimony of a witness who is shown to have testified falsely concerning any material matter[2] this constitutes a factual finding by the Magistrate that the Defendant failed to satisfactorily establish the defense that he in fact obtained the feathers involved prior to the effective date of the law involved. After listening to the testimony of the trial before the Magistrate, the Court fully agrees with the Magistrate. Indeed, it is wholly unbelievable that a hawk could have molted all its tail feathers and they could all be found unattached to a carcass in a field or along a fence line in windy southwestern Oklahoma and end up perfectly matched in a fan. If the factual determinations of the Magistrate are supported by the evidence, the Court should affirm the conviction entered herein. United States v. Pennett, 496 F.2d 293 (Tenth Cir. 1974); United States v. Tager, 481 F.2d 97 (Tenth Cir. 1973).

Affirmed.

---

2. Devitt & Blackmar, Federal Jury Practice & Instructions, Second Edition, Sec. 12.05 at page 258; Kane v. United States, 431 F. 2d 172 at p. 176 (Eighth Cir. 1970).