**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roger Paul HAMEL,
Defendant-Appellant,**

**No. 76–1019.**

United States Court of Appeals,
Ninth Circuit.

April 13, 1976.

Monte E. Hester, Tacoma, Wash., for defendant-appellant.

Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

### OPINION

Before: WRIGHT and CHOY, Circuit Judges, and WHELAN,* District Judge.

PER CURIAM:

Appellant, a taxidermist, was convicted of violating the Migratory Bird Treaty Act (the Act) by offering to sell and barter and causing to be transported snowy owls after they became a protected species under the Act in March of 1972. [16 U.S.C. §§ 703 and 707.] We affirm.

The indictment did not allege the time of appellant's taking of the snowy owl. It charged that his acts were done willfully and knowingly. The defendant offered no evidence.

He had been convicted before of similar misdemeanor offenses involving golden eagles and mountain goats, both protected species. He assigns as error the trial court's ruling that evidence of these prior acts would be admissible. They were neither offered nor admitted because, after the ruling, defendant chose not to testify.

Before the start of the trial and again at the close of the government's case, appellant sought a ruling on whether his prior convictions could be introduced for impeachment purposes. The court agreed that they could not be introduced for impeachment purposes but ruled that they would be admissible as prior similar acts.[1] Fed.Rules of Evid. 404(b). *E.g., United States v. Grammer*, 513 F.2d 673, 677 (9th Cir. 1975); *Fernandez v. United States*, 329 F.2d 899, 908 (9th Cir. 1964). Appellant did not object to the ruling.

■ Appellant again contends on appeal that the admission of prior misdemeanors for impeachment purposes would be error. The answer is that the trial court's agreement with appellant precludes the need for our review. Since appellant has never objected to the actual basis for the court's ruling we do not review it.

Moreover, we note that the evidence was never presented to the jury. Appellant as-

---

\* Honorable Francis C. Whelan, United States District Judge for the Central District of California, sitting by designation.

1. "APPELLANT'S ATTORNEY: And could I ask at this time for a clarification; I previously brought up my opinion as to whether or not Mr. Hamel could be impeached with reference to his prior problems.

"THE COURT: Well he had a prior problem, being convicted of an illegal dealing in wildlife, and I think it would be relative as to prior acts, probably not for the purpose of impeachment of his credibility. . . . ." (R.T. 115.)

serts that this is irrelevant to our review because the ruling effectively prevented him from taking the stand in his own defense. We will not speculate on the reasons for his failure to take the stand, tactical or otherwise. But we note that, if the reason offered by appellant is correct, his decision was an idle gesture. Under the court's ruling, the evidence was admissible regardless of whether appellant testified on his own behalf.

■ Appellant also assigns as error the testimony of a Federal Wildlife Officer. He testified that, sometime prior to the transactions forming the basis of appellant's conviction, appellant communicated with him because several persons had offered to provide him with snowy owls. Appellant objected to this testimony on the ground that it was probative of scienter which, although alleged in the indictment, was not an element of the offense, a proposition with which several courts have agreed. *United States v. Ireland*, 493 F.2d 1208 (4th Cir. 1973); *United States v. Schultze*, 28 F.Supp. 234 (D.Ky.1939); *United States v. Reese*, 27 F.Supp. 833 (D.Tenn. 1939).

The court, however, admitted the evidence, not on the element of scienter, but for its probative value on the question of whether the appellant did, in fact, commit the acts charged.[2] Appellant does not challenge its probity on this issue. The fact that scienter may not be an element of the offense, *United States v. Wood*, 437 F.2d 91 (9th Cir. 1971), is therefore irrelevant. We agree with the trial court's ruling that the testimony was probative of whether the appellant committed the offense.

Finally, appellant contends that the failure to allege in the indictment that the bird was taken after the effective date of the Act and failure to prove this as an element of the offense warranted dismissal as a matter of law. This position has been adopted by two courts more than 50 years ago. *United States v. Marks*, 4 F.2d 420 (S.D.Tex.1925); *In re Information Under the Migratory Bird Treaty Act*, 281 F. 546 (D.Mont.1922); *United States v. Fuld*, 262 F. 836 (D.Mont.1920). We prefer not to follow those courts.

■ Rather we agree with the statement in *United States v. Blanket*, 391 F.Supp. 15 (W.D.Okl.1975), that an indictment under the Act need not allege that the bird was taken after the effective date of the Act. Neither the statute nor the regulation so requires.[3]

■ The court in *Blanket* also noted that the inherent difficulty which would be en-

---

**2.** "THE COURT: Well, you may be correct, *that scienter isn't a necessary element.* . . . Now my ruling is going to be this; it may establish knowledge . . . on your client's part about what the law is, but on the other hand, just because it establishes knowledge doesn't preclude the introduction of the testimony to prove that he did it, whatever he did. You can prove that he had the conversation, because that would have perhaps some probative value as to whether he did what he is charged with, you see."

**3.** In March of 1972, the snowy owl was added to the Act's protected species list. 50 C.F.R. 10.13. Title 50, § 21–2 of the Code of Federal Regulations provides that:

"(a) migratory birds, their parts, nests or eggs lawfully acquired prior to the effective date of Federal protection under the Migratory Bird Treaty Act (16 U.S.C. §§ 703–711) may be possessed or transported without a Federal permit, *but may not be imported, exported,* purchased, sold, bartered or of-

fered for purchase, sale, trade, or barter, and all such shipments of such birds must be marked. . . ."
(Emphasis added.)

The Act provides:

"Taking, killing, or possessing migratory birds unlawful.

"Unless and except as permitted by regulations made as hereinafter provided in sections 703 to 711 of this title, it shall be unlawful at any time, by any means or in any manner, to pursue, hunt, take, capture, kill, attempt to take, capture, or kill, possess, *offer for sale, sell, offer· to barter, barter,* offer to purchase, purchase, deliver for shipment, *ship,* export, import, *cause to be shipped,* exported, or imported, deliver for transportation, *transport or cause to be transported,* carry or cause to be carried, or receive for shipment, transportation, carriage, or export, any migratory bird, any part, nest, or egg of any such bird, . . . ."
(Emphasis added.) 16 U.S.C. § 703.

countered by the government in proving the time of the bird's taking supports the view that this is not an element of the offense. The purpose of the Act, to protect migratory birds, would be undermined if this burden were placed on the government. *Blanket, supra* at 19 n.1. Since appellant offered no evidence to support the proposition that the bird was taken before the Act's effective date, there is no need to review the court's refusal to give an instruction that such circumstance, if proven, would constitute a defense.

The judgment of the district court is affirmed.