UNITED STATES of America,
Plaintiff-Appellee,

v.

Benny Huie GREEN,
Defendant-Appellant.

No. 77–5188.

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 29, 1977.

Decided Dec. 30, 1977.

As Amended On Denial of Rehearing
April 5, 1978.

E. W. Rivers, Melton, Rivers & Utter, Paducah, Ky., for defendant-appellant.

Albert Jones, U. S. Atty., David L. Huber, David S. Stierle, Louisville, Ky., for plaintiff-appellee.

* Honorable Thomas P. Thornton, Senior United States District Judge for the Eastern District of

Before EDWARDS and ENGEL, Circuit Judges, and THORNTON,* Senior District Judge.

PER CURIAM.

Appellant Green was convicted after trial before District Judge Charles Allen for "taking" mourning doves "on or over any baited area," in violation of 50 C.F.R. § 20.21, promulgated under the Migratory Bird Treaty Act, 16 U.S.C. § 703 et seq. (1970). He was sentenced to six months, with all but 15 days suspended, and fined $450.

There was ample proof (albeit vigorously disputed by the hunters) from which the District Judge could find, as he did, that the small island in the Ohio River where Green and 64 others were arrested with guns and dead birds in possession had been baited with wheat and corn.

The regulation provides in pertinent part:

No person shall take migratory game birds:

\*   \*   \*   \*   \*   \*

(i) By the aid of baiting, or on or over any baited area. As used in this paragraph, "baiting" shall mean the placing, exposing, depositing, distributing, or scattering of shelled, shucked, or unshucked corn, wheat or other grain, salt, or other feed so as to constitute for such birds a lure, attraction or enticement to, on, or over any areas where hunters are attempting to take them; and "baited area" means any area where shelled, shucked, or unshucked corn, wheat or other grain, salt, or other feed whatsoever capable of luring, attracting, or enticing such birds is directly or indirectly placed, exposed, deposited, distributed, or scattered; and such area shall remain a baited area for 10 days following complete removal of all such corn, wheat or other grain, salt, or other feed.

50 C.F.R. § 20.21(i) (1976).

Michigan, Southern Division, sitting by designation.

**2**

While the proofs do not specifically show that Green knew that the field was baited, the District Judge could have inferred such knowledge from the testimony of extensive baiting and the presence of 65 hunters with dead doves. More importantly, however, the regulation did not require proof of knowledge. *United States v. Ireland,* 493 F.2d 1208, 1209 (4th Cir. 1973).

We note appellant's reliance upon *Allen v. Merovka,* 382 F.2d 589 (10th Cir. 1967). While we believe the cases are distinguishable on the facts, we also disagree with the Tenth Circuit's conclusion that the regulation requires proof "that the hunters are performing or have some part directly or indirectly in the baiting or it is done for their benefit as a part of a 'hunting method.'" *Allen v. Merovka, supra* at 591.

Finding no other issues of significance in this appeal, the judgment of the District Court is affirmed.