**UNITED STATES of America, Plaintiff,**

v.

**Henry ATKINSON, Andrew Bray, Dan Brunett, Roger Daanen, Jerome Delahaut, Steve Delahaut, David Diederich, Dave Greeley, Allen Hansen, Bill Kozloski, Ken Kozloski, Bill Dreuser, Bob Manger, Bud Manger, Jerome Meuleman, Dean Paulsen, Paula Paulsen, Roger Plamann, Paul Soquet, Mike Staszak, and Jim Williquette, Defendants.**

No. 78–CR–175.

United States District Court,
E. D. Wisconsin.

April 23, 1979.

Joan F. Kessler, U. S. Atty., by Charles H. Bohl, William E. Callahan, Jr., Asst. U. S. Attys., Milwaukee, Wis., for plaintiff.

James A. Walrath, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The twenty-one defendants in this action have been charged pursuant to 16 U.S.C. § 703 and 50 C.F.R. § 20.21(i) with hunting migratory waterfowl over a baited area. Under 16 U.S.C. § 707, each defendant if convicted is subject to a fine of up to $500, imprisonment for up to six months, or both. The defendants have moved the Court to dismiss the charges against them on the grounds that 16 U.S.C. § 703 and 50 C.F.R. § 20.21(i) on their face and as applied to the defendants are unconstitutionally vague and overbroad, thereby denying to defendants due process of law under the Fifth Amendment to the United States Constitution. For the following reasons, the motion will be denied.

Section 703 of Title 16 U.S.C. provides in part:

"Unless and except as permitted by regulations made as hereinafter provided in sections 703 to 711 of this title, it shall be unlawful at any time, by any means or in any manner, to pursue, hunt, take, capture, kill, attempt to take, capture or kill, * * * any migratory bird, * * * included in the terms of the conventions between the United States and Great Britain for the protection of migratory birds * * *."

In *Cochrane v. United States,* 92 F.2d 623 (7th Cir. 1937), the Court upheld the constitutionality of the Migratory Bird Treaty Act, 16 U.S.C. § 703 et seq. Thus the defendants' challenge to the constitutionality of the statute itself is foreclosed.

The regulation which defendants challenge, 50 C.F.R. § 20.21, provides in part:

"Migratory birds on which open seasons are prescribed in this part may be taken by any method except those prohibited in this section. No person shall take migratory game birds:

\* \* \* \* \* \*

"(i) By the aid of baiting, or on or over any baited area. As used in the paragraph, 'baiting' shall mean the placing, exposing, depositing, distributing, or scattering of shelled, shucked, or unshucked corn, wheat or other grain, salt, or other feed so as to constitute for such birds a lure, attraction or enticement to, on, or over any areas where hunters are attempting to take them; and 'baited area' means any area where shelled, shucked, or unshucked corn, wheat or other grain, salt, or other feed whatsoever capable of luring, attracting, or enticing such birds is directly or indirectly placed, exposed, deposited, distributed, or scattered; and such area shall remain a baited area for 10 days following complete removal of all such corn, wheat or other grain, salt, or other feed. * * *."

Defendants argue that because of its use without further definition of such terms as "on or over any baited area", "or other

feed", and "directly or indirectly placed", the regulation is vague and fails adequately to inform them of the type of conduct which it proscribes. The Court is not impressed with this argument, nor has any other court been which has looked at the language of the regulation. See, e. g., *United States v. Delahoussaye,* 573 F.2d 910 (5th Cir. 1978); *United States v. Jarman,* 491 F.2d 764 (4th Cir. 1974); *Clemons v. United States,* 245 F.2d 298 (6th Cir. 1957). While the language contains some ambiguities, it is ordinary, nontechnical language which is sufficiently precise to withstand constitutional attack on the ground of vagueness.

██ Defendants also argue that the regulation is unconstitutional because it provides that an area once baited remains baited for ten days after the grain or other "bait" is removed, and yet the regulation does not contain an element of intent, thus making it possible that a person may be convicted under the regulation even though he hunts after the grain or other "bait" has been removed and even though he has no knowledge or reason to know that the area ever was baited.

In accordance with all other courts which have looked at the question, this Court finds that the regulation is constitutional despite its lack of an intent requirement. See, e. g., *United States v. Jarman,* supra, at 766–767; *United States v. Green,* 571 F.2d 1 (6th Cir. 1977); *United States v. Ireland,* 493 F.2d 1208 (4th Cir. 1973); *United States v. Ardoin,* 431 F.Supp. 493 (W.D.La.1977); *United States v. Tarmon,* 227 F.Supp. 480 (D.Md.1964). But cf. *United States v. Delahoussaye,* 573 F.2d 910 (5th Cir. 1978) (incorporating a "should have known" standard into the regulation).

When Congress exercises its regulatory powers for the public welfare, particularly in areas not known to the common law, it may for the purpose of achieving some social good make criminal actions which are taken with no awareness of wrongdoing, and when it does so, there is no violation of due process. *United States v. Balint,* 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922); *United States v. Dotterweich,* 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943); *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). See also *United States v. Jarman,* supra; *United States v. Reese,* 27 F.Supp. 833 (W.D.Tenn.1939); *United States v. Schultze,* 28 F.Supp. 234 (W.D.Ky. 1939). As stated by the Court in *Morissette v. United States,* supra, 342 U.S. at 251–256, 72 S.Ct. at 244–246:

"Crime, as a compound concept, generally constituted only from concurrence of an evil-meaning mind with an evil-doing hand, was congenial to an intense individualism and took deep and early root in American soil. * * *

"However, the *Balint* and *Behrman* offenses belong to a category of another character, with very different antecedents and origins. The crimes there involved depend on no mental element but consist only of forbidden acts or omissions. This, while not expressed by the Court, is made clear from examination of a century-old but accelerating tendency, discernible both here and in England, to call into existence new duties and crimes which disregard any ingredient of intent. * * *

"While many of these duties are sanctioned by a more strict civil liability, lawmakers, whether wisely or not, have sought to make such regulations [affecting public health, safety, or welfare] more effective by invoking criminal sanctions to be applied by the familiar technique of criminal prosecutions and convictions. This has confronted the courts with a multitude of prosecutions, based on statutes or administrative regulations, for what have been aptly called 'public welfare offenses.' * * * While such offenses do not threaten the security of the state in the manner of treason, they may be regarded as offenses against its authority, for their occurrence impairs the efficiency of controls deemed essential to the social order as presently constituted. In this respect, whatever the intent of the violator, the injury is the same, and the consequences are injurious or not according to fortuity. Hence, leg-

islation applicable to such offenses, as a matter of policy, does not specify intent as a necessary element. * * * Also, penalties commonly are relatively small, and conviction does no grave damage to an offender's reputation. Under such considerations, courts have turned to construing statutes and regulations which make no mention of intent as dispensing with it and holding that the guilty act alone makes out the crime. * * *."

In *Cochrane v. United States,* 92 F.2d 623 (7th Cir. 1937), the Court noted the importance to the public at large of the Migratory Bird Treaty Act and its enforcing regulations, "[f]or if the appellants are successful in their attack [on the Act and regulations], protection of game birds is impossible, and all migratory animals will either disappear or become increasingly rarer." 92 F.2d at 624. See also *State of Missouri v. Holland,* 252 U.S. 416, 435, 40 S.Ct. 382, 64 L.Ed. 641 (1920). Since the purpose of the Act is therefore to protect a matter important to the public welfare, this Court concludes that the regulations enacted under it are of the type discussed in *United States v. Morissette,* supra, and consequently that the regulation under which defendants are charged is constitutional despite its lack of an intent requirement.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss the charges against them is denied.