**Richard STEPNIEWSKI, Petitioner,**

v.

**Superintendent John GAGNON and Attorney General of the State of Wisconsin, Respondent.**

No. 82–C–139.

United States District Court,
E.D. Wisconsin.

April 18, 1983.

Richard E. Reilly, Gimbel, Gimbel & Reilly, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Wis. Atty. Gen. by Michael R. Klos, Asst. Atty. Gen., Madison, Wis., for respondent.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

Richard Stepniewski has filed a petition for habeas corpus relief. He claims that his conviction without proof of criminal intent violates his constitutional right to due process of law.

On February 15, 1980, Mr. Stepniewski was convicted in Milwaukee County circuit court of twelve counts of home improvement trade practice violations, contrary to §§ 100.20(2) and 100.26(3), Wis.Stats. He was sentenced to a one and one-half year term of imprisonment and six years of probation. The Wisconsin court of appeals affirmed the convictions on February 18, 1981. The convictions were then affirmed by the Wisconsin supreme court on January 5, 1982. *State v. Stepniewski,* 105 Wis.2d 261, 314 N.W.2d 98 (1982).

Mr. Stepniewski states three grounds for relief in his petition. First, he claims that his due process rights were violated when he was convicted and sentenced without any finding of criminal intent. Second, he argues that his conviction and sentence unconstitutionally denied him equal protection under the law. His third contention is that the Wisconsin supreme court's January 5, 1982 decision interpreting § 100.26(3), Wis. Stats., to allow a conviction without a showing of intent violates his due process rights. The first and third grounds raise closely related, if not identical, questions. Although Mr. Stepniewski's petition sets forth these three separate grounds for relief, the brief submitted by his counsel address the first issue only.

Section 100.20(2), Wis.Stats., gives the Wisconsin department of agriculture authority to "issue general orders forbidding methods of competition in business or trade practices in business which are determined by the department to be unfair." Mr. Stepniewski was convicted under § 100.26(3), Wis.Stats., of violating home improvement contractor regulations issued under § 100.-20(2). Section 100.26(3) states, in relevant part:

> "Any person ... who intentionally refuses, neglects or fails to obey any regulation made under section ... 100.20 shall, for each offense, be punished by a fine of not less than twenty-five nor more than five thousand dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment."

The petitioner's guilt, without proof of intent, has been sustained by the state trial court, the Wisconsin court of appeals, and the Wisconsin supreme court. The state has construed its statute, § 100.26(3), as not requiring proof of mens rea, and the correctness of that interpretation is not under consideration here; this court is bound to accept the construction as found by the Wisconsin courts.

The sole issue before me is whether the state statute, as interpreted by the state judiciary, comports with the constitutional requirements of due process. The issue is a close one. However, neither the obligations of comity nor my respect for the thoughtful analyses made by the Wisconsin judges can relieve me of my responsibility to make an independent examination of the constitutional issue.

■■■ The general rule in criminal cases is that a showing of the defendant's criminal intent is necessary for a conviction. Thus in *Morissette v. United States,* 342 U.S. 246, 251, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952), the Court stated that crime generally stemmed only from a "concurrence of an evil-meaning mind with an evil-doing hand." *See also United States v. Balint,* 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922); *State v. Alfonsi,* 33 Wis.2d 469, 147 N.W.2d 550 (1967). Exceptions to this scienter requirement are found in some criminal statutes where, in furtherance of a public policy, the risk of punishment for a particular act is placed on the actor. In *Balint, supra,* 258 U.S. at 252, 42 S.Ct. at 302, the United States Supreme Court stated:

> "Many instances of this are to be found in regulatory measures in the exercise of what is called the police power where the emphasis of the statute is evidently upon achievement of some social betterment rather than the punishment of the crimes as in cases of *mala in se.*"

In the context of these so-called welfare offenses, it is constitutionally permissible to impose criminal liability and sanctions without regard to criminal intent. *See Morissette v. United States, supra; Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); *United States v. Dotterweich,* 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943). *See also United States v. Atkinson,* 468 F.Supp. 834 (E.D.Wis.1979); *State v. Collova,* 79 Wis.2d 473, 255 N.W.2d 581 (1977).

Crimes defined as public welfare offenses sometimes involve protection of the public from a potentially dangerous material. *See, e.g., United States v. Int'l Minerals & Chemical Corp.,* 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971) (transportation of cor-

rosive acids); *United States v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971) (possession of registered hand grenades); *United States v. Dotterweich, supra* (shipment of mislabeled drugs). However, the category of public welfare offenses may also include violations of laws which are not focused on public safety. *See Morissette, supra* (conversion of United States property); *Shevlin-Carpenter Co. v. Minnesota,* 218 U.S. 57, 30 S.Ct. 663, 54 L.Ed. 930 (1910) (cutting timber from state land); *United States v. Ayo-Gonzalez,* 536 F.2d 652 (5th Cir.1976) (fishing by foreigners within United States fisheries zone); *Atkinson,* supra (hunting migratory birds within baited area).

█ Although wide latitude is accorded legislative bodies in defining such public welfare offenses, this latitude is not without constitutional limits. *Lambert v. California,* 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957); *Shevlin-Carpenter, supra,* 218 U.S. at 70, 30 S.Ct. at 666; *Ayo-Gonzalez, supra,* at 657. The factors to be considered in determining whether a conviction under a particular statute violates due process rights are:

1) whether the defendant is in a position to avoid transgressions by the exercise of reasonable care,

2) whether the penalty is relatively small, and

3) whether a conviction would result in no grave damage to the defendant's reputation.

*See Morissette, supra,* 342 U.S. at 256, 72 S.Ct. at 246. *See also United States v. Heller,* 579 F.2d 990, 994 (6th Cir.1978); *Ayo-Gonzalez, supra.*

█ In the words of the Supreme Court in *Morissette, supra,* 342 U.S. at 259, 72 S.Ct. at 247, the foregoing factors are to be applied by the court in light of "the peculiar nature and quality of the offense." Underscoring the direction to heed the magnitude of the penalty and the impact on the offender's reputation, I find that it is an affront to due process to permit a conviction under § 100.26(3) without proof of the element of intent. *See Collova, supra,* 79 Wis.2d at 485–86, 255 N.W.2d 581.

Mr. Stepniewski was sentenced to one and one-half years imprisonment, with six years on probation. Despite the grant of probation and the fact that Mr. Stepniewski had a prior conviction, I am persuaded that the potential statutory sentence cannot be treated as "relatively small" or as one that will not do "grave damage" to him. *See Int'l Minerals & Chemical Corp., supra,* 402 U.S. at 564, 91 S.Ct. at 1701; *Lambert, supra.*

While a strict liability statute which provides a heavy penalty may indeed pass constitutional muster, the "nature and quality" of the crime must be more heinous than the proscribed conduct in the case at bar. Thus, in *Freed, supra,* one who possessed an unregistered hand grenade could properly be found guilty despite the absence of mens rea.

As did the dissenting justice of the Wisconsin supreme court, I conclude that § 100.26(3) "imposes a heavy penalty and a serious stigma on a violator." *Stepniewski, supra,* 105 Wis.2d at 304, 314 N.W.2d 98. In light of the "nature and quality" of the conduct prohibited by the state statute, it offends the due process provisions of the constitution to permit a conviction without proof of a guilty mind. Accordingly, the petitioner is entitled to a writ of habeas corpus, but the actual issuance of the writ will be stayed for a period of ninety days to enable the respondent to pursue additional remedies.

Therefore, IT IS ORDERED that the petition for a writ of habeas corpus be and hereby is granted.

IT IS ALSO ORDERED that issuance of the writ be and hereby is stayed for a period of ninety days from this date.