No. 84–1209. CATLETT ET AL. *v.* UNITED STATES. C. A. 6th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

Petitioners were convicted and fined for hunting doves in a "baited" field contrary to the Federal Migratory Bird Act, 16 U. S. C. § 703, and the regulations issued thereunder, despite their claim that they were unaware of the baiting and that they could not reasonably have been aware of it, since the remaining bait on the property was hidden from view at the time of the hunt.

The Court of Appeals affirmed, observing that petitioners "were apparently unaware of, and had not participated in, the baiting of the field." 747 F. 2d 1102, 1103 (CA6 1984). Nonetheless, the panel applied prior law of the Circuit to hold that scienter is not an element of the crime charged, and thus that petitioners could be convicted even if they could not have reasonably known that the field was baited.

The rule applied is that adopted by several Circuits, reading the regulation in question to impose strict liability on those who hunt over baited fields. See, *e. g., United States* v. *Chandler,* 753 F. 2d 360, 363 (CA4 1985); *United States* v. *Brandt,* 717 F. 2d 955, 958–959 (CA6 1983); *United States* v. *Jarman,* 491 F. 2d 764, 766–767 (CA4 1974); *Rogers* v. *United States,* 367 F. 2d 998, 1001 (CA8 1966), cert. denied, 386 U. S. 943 (1967). Nevertheless, as the Court of Appeals below recognized, the rule applied here is contrary to the holding of a case from another Federal Circuit which requires proof of at least the minimum scienter, that hunters should have known of the baited condition. *United States* v. *Delahoussaye,* 573 F. 2d 910, 912 (CA5 1978).

There is a clear and recognized division between Circuits on the elements of a federal criminal offense. As the court explained in *Delahoussaye,* the regulation at issue here "is a national one, founded on a treaty, and [it] should not mean one thing in one state and another elsewhere." *Id.,* at 913. I would grant certiorari to resolve the split among the Courts of Appeals.