569 A.2d 947

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Sarah HOLLINGSWORTH, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 14, 1989.

Decided Feb. 8, 1990.

Leonard Rieser, Philadelphia, for appellant.

Harry Tischler, Asst. Gen. Counsel, School Dist. of Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION ANNOUNCING THE JUDGMENT
## OF THE COURT

ZAPPALA, Justice.

■ This case presents a very narrow issue: Whether one appealing a summary conviction from the Court of Common Pleas to the Superior Court must file post verdict motions. *See*, Pa.R.Cr.P. 1123. We conclude that the motions must be filed to perfect an appeal of a summary conviction initially tried in the Court of Common Pleas, however, for the reasons that follow, we reverse.

On December 15, 1983, a private criminal complaint was filed against Appellant by the School District of Philadelphia (hereinafter "District") alleging that Appellant had violated 24 P.S. § 13–1333, which, in combination with 24 P.S. § 13–1327, places responsibility for "sending" a school age child to school upon the parent or guardian of the child.

Hearings were held on the complaint in the Court of Common Pleas, Philadelphia County, Family Court Division, on December 15, 1983 and on March 22, 1984. Appellant appeared unrepresented by counsel at each hearing. Fines were imposed and paid.

In 1986, Appellant was summoned to court for what allegedly were new violations of the same statutes; however, the record contains nothing to indicate that a new complaint was filed against Appellant. Five hearings were held on this matter between April 22, 1986 and November 18, 1986, and Appellant, again appearing without counsel, was ordered to pay a fine of $100.00 following the hearings held on October 21, 1986 and November 18, 1986. Appellant paid her fine shortly thereafter.

Appellant retained an attorney who entered his appearance on her behalf on November 16, 1986 and filed an appeal to the Superior Court, raising substantive issues relating to the proceedings of October 21, 1986 and November 18, 1986. On February 27, 1987, Appellee filed a Motion to Quash the appeal on two grounds: that Appellant had failed to preserve the substantive issues raised in the appeal

by failing to file post verdict motions, which were required by Pa.R.Cr.P. 1123; and that the appeal was moot because the fine imposed by the court had been paid. Superior Court granted the Motion to Quash on July 16, 1987, and denied reconsideration of same on August 14, 1987. We granted allocatur to consider whether Appellant had waived the substantive issues raised before Superior Court. Appellant first argues that the issues were not waived because post verdict motions were not required to be filed in this case.

The offense that Appellant was charged with violating is a summary offense. See 24 P.S. § 13–1333. All proceedings involving such offenses are governed by Chapter 50 of the Pennsylvania Rules of Criminal Procedure. In Philadelphia, jurisdiction over summary offenses, other than traffic cases, lies concurrently with the Philadelphia Municipal Court and the Philadelphia Court of Common Pleas.[1]

The procedures to be followed in taking an appeal from a summary proceeding are set out in Pa.R.Cr.P. 86. A notice of appeal must be filed stating *inter alia,* the grounds for the appeal unless the appeal is from a conviction. Pa.R. Cr.P. 86(c)(10). The Rule further provides that "this rule shall provide the exclusive means of appealing from a summary conviction." Pa.R.Cr.P. 86(g). The comments to Pa.R.Cr.P. 86, however, state: "upon appeal from a conviction in a summary proceeding and after a finding of guilt at a trial *de novo* in the Court of Common Pleas, Rule 1123 is intended to require post-verdict motions in the common pleas court." In addition, the comments to Pa.R.Cr.P. 1123 note that "[t]his rule is intended to require post-verdict motions in the court of common pleas after a finding of guilt at a *de novo* trial in a summary case".

Section 10 of Act 1976, July 9, P.L. 586, No. 142, as affected by Act 1982, Dec. 20, P.L. 1409, No. 326 § 316 [42 P.S. § 20076] provides:

---

**1.** Section 10 of Act 1976, July 9, P.L. 586, No. 142, as affected by Act 1982, Dec. 20, P.L. 1409 No. 326 § 316 [42 P.S. § 20076].

The Court of Common Pleas of Philadelphia County shall have concurrent jurisdiction over the matters specified in 42 Pa.C.S. § 1123(a)(2) (relating to jurisdiction and venue) and the assignment of cases between the two courts shall be determined by rule prescribed by the President Judge of the Court of Common Pleas of Philadelphia County.

42 Pa.C.S. § 1123(a)(2) offenses are:

Criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by a term of not more than 5 years, including indictable offenses under Title 75 (relating to vehicles). In cases under this paragraph, the defendant shall have no right of trial by jury in the Municipal Court, but shall have the right of appeal for trial *de novo*, including the right to trail by jury, to the court of common pleas. ....

The President Judge of the Court of Common Pleas of Philadelphia and the Board of Judges have approved Philadelphia Rule of Criminal Procedure No. 435 entitled "Cases in which victim is a minor." It provides that all cases in which the *victim* is a minor must be sent to the Family Division of the Philadelphia Court of Common Pleas. Under this Rule, all truancy cases in Philadelphia are assigned to be heard in the Family Division, rather than in Philadelphia Municipal Court. Therefore, the instant case was initially brought in the Philadelphia Court of Common Pleas, in the Family Division.

Appellee argues that Appellant should have pursued a trial *de novo* in the Court of Common Pleas. Appellant had already been tried in the Court of Common Pleas, however, and to argue that she should have sought a trial *de novo* in the Court of Common Pleas *from* the Court of Common Pleas is absurd.

Generally, the fact of a summary offense being tried originally in the courts of common pleas is unusual. In Philadelphia, this is not true. Though there is no Rule of Criminal Procedure that explicitly states that post verdict motions must be filed after a summary trial is initially held in the Court of Common Pleas, it seems that if such motions

are required after a trial *de novo*, they must be required after an initial trial. Since this case was *initially* brought in the Court of Common Pleas, Appellant's route of appeal was to Superior Court, and the comments to both Pa.Rules Cr.P. 86 and 1123 support our conclusion that post verdict motions should have been filed in this case.

■ Appellant further argues, however, that if such motions were required to be filed, she should not be deemed to have waived consideration of the substantive issues raised in her appeal because she was not aware that such motions were required. Following a summary trial *de novo* or an initial summary trial, the defendant is to be informed by the judge or issuing authority of his right of appeal, and that either a notice of appeal or post verdict motion, whichever is appropriate, must be filed to preserve the issues for appeal. *See*, Pa.Rules Cr.P. 86, 1123. The Stipulation in Absence of Transcript that was prepared relative to the hearings of October 21, 1986, and November 18, 1986, does not indicate that Appellant was informed by a judge of her right to appeal, or of the requirement that post verdict motions must be filed. There is no additional evidence in the record to show that Appellant was so informed. Also, counsel was not retained by Appellant during the time period allowed for filing of such motions. Since the trial judge was, pursuant to Pa.R.Cr.P. 1123, *required* to inform Appellant of her appeal rights, we hold that Appellant has not waived the substantive issues raised to the Superior Court.[2]

Because the appeal was quashed, Superior Court did not consider the substantive issues raised by Appellant, namely, that the evidence was insufficient to support the verdict, that the sentence imposed was illegal, and that the procedures employed by the Philadelphia Court of Common Pleas were deficient. Accordingly, the order of the Superior Court granting the Motion to Quash is vacated, and the case

2. Due to our disposition of this issue we need not consider the issue of whether the appeal was moot because the fine imposed was paid by Appellant.

remanded to the Philadelphia Court of Common Pleas for proceedings consistent with this opinion.[3]

CAPPY, J., did not participate in the consideration or decision of this case.

PAPADAKOS, J., files a concurring opinion.

NIX, J., concurs in the result.

McDERMOTT, J., files a dissenting opinion.

PAPADAKOS, Justice, concurring.

I am compelled to agree with the Majority that this case must be returned to the trial court for the opportunity of Appellant to exercise her right to file post-verdict motions because that is the state of the law today. I write separately to voice my concern regarding the oversaturated barrel of rights granted to defendants of very minor offenses without regard to the burdens imposed thereby on the overburdened courts and the eversuffering taxpayers.

Summary offenses are handled summarily because they involve very minor transgressions against society. We consider such offenses so minor that we have no hesitancy in denying defendants the right to trial by jury. It is true that some summary offenses carry penalties including the possibility of incarceration. Such cases must receive the full panoply of rights guaranteed to all criminal defendants.

Yet, other summary offenses involve only fines and no threat of imprisonment. Such are motor vehicle violations, i.e., stop sign and red light cases. It has been estimated that it costs the taxpayers $2,500.00 to catch, charge, try and convict a stop sign violator from the time that a police officer first stops the offender until the highest court in the Commonwealth, the Supreme Court of Pennsylvania, either rejects the appeal, or accepts and decides it. All this for a

---

3. Appellant shall file with the trial court Pa.R.Cr.P. 1123 post verdict motions. Said motions shall be limited to the issues presented for appeal to Superior Court.

fine of $25.00! I find this an outrageous abuse of our limited judicial resources and of the taxpayers' monies.

A stop sign violator has a right to trial before a district justice; an appeal and trial *de novo* in our court of common pleas; if convicted, a right to file post-verdict motions alleging errors in possibly a 10 minute trial; arguments before the judge on those motions; a decision and a written opinion from the trial judge if the conviction is sustained; an appeal to the Superior Court with the filing of briefs, argument before the court and another written opinion; and finally, a petition for allowance of appeal with the Supreme Court with the possibility of the appeal being allowed, briefs filed, arguments heard before the seven justices of the Supreme Court and another written opinion explaining the decision of the Court. All for the purpose of justifying a fine of $25.00! Some say to all this, "God bless America." I say, "God have mercy on us."

I call upon my brethren to correct this idiocy and if they will not, I call upon the legislature to remove the stop sign, red light type of offenses from the ambit of the criminal laws. Until such action is taken, I must reluctantly agree that Sarah Hollingsworth must be afforded the right to file post-verdict motions as any other criminal defendant, and continue encumbering our court dockets.

McDERMOTT, Justice, dissenting.

I agree that post trial motions are required from summary convictions. However, the fine was paid in this case and the appeal should be dismissed as moot.