587 A.2d 379

**Fritz Lee DICKERSON, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 29, 1990.

Decided Feb. 21, 1991.

Max J. Smith, James, Smith & Durkin, Hershey, for appellant.

Kathy G. Wingert, Deputy Dist. Atty., with her, Richard A. Lewis, Dist. Atty., Harrisburg, for appellee.

Before PALLADINO and McGINLEY, JJ., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

Fritz Lee Dickerson appeals a Dauphin County Court of Common Pleas order adjudging him guilty of hunting without a valid license and fining him one-hundred and fifty ($150) dollars plus costs. We affirm.

The facts, as found by the trial court, indicate that a Deputy Wildlife Conservation Officer saw Dickerson enter and sit in a blind, wearing a camouflage hunting shirt and carrying a compound bow. At the time, Dickerson's hunting license had been revoked for prior violations. The uncontroverted evidence established that Dickerson had, however, purchased a hunting license during his revocation period. The officer charged Dickerson with hunting in a baited area without a license, in violation of Section 2711(a)(1) of the Pennsylvania Game and Wildlife Code (Wildlife Code); [1] and unlawful acts concerning licenses, in violation of Section 2711(a)(10).

At Dickerson's summary conviction hearing, the District Justice dismissed the charge of hunting in a baited area, but found Dickerson guilty of unlawful acts concerning licenses. At a subsequent hearing *de novo*, the common pleas court found Dickerson guilty of hunting without a valid license. This appeal followed.

Dickerson contends that the trial court abused its discretion by finding he violated the Wildlife Code in the absence of substantial evidence to support such a finding.

1. 34 Pa.C.S. § 2711.

The Commonwealth argues that this Court does not have jurisdiction over this matter, and alternatively, if this Court is to consider the merits, the trial court should be affirmed because there is sufficient evidence to support the trial court's findings on both violations.

■ The first issue we address is this Court's jurisdiction. The Commonwealth has requested that we quash this appeal for lack of subject matter jurisdiction. For the reasons which follow, we must deny this request.[2]

First, we note this court's jurisdiction under Section 762(a)(2)(ii) of the Judicial Code, 42 Pa.C.S. § 762(a)(2)(ii), which confers appellate jurisdiction over criminal proceedings for violations of regulatory statutes administered by Commonwealth agencies.

In any event, since the Commonwealth did not move to transfer this action or object prior to the last day for the filing of the record, jurisdiction in the Commonwealth Court is perfected. Pennsylvania Rule of Appellate Procedure 741(a) provides:

> *The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall,* unless the appellate court otherwise orders, *operate to perfect the appellate jurisdiction of such appellate court,* notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

(Emphasis added.)

The Commonwealth next argues this appeal should be quashed because Dickerson failed to file post-trial motions in order to preserve issues for appellate review. *Commonwealth v. Hughes,* 268 Pa.Superior 536, 408 A.2d 1132

---

**2.** Pa.R.A.P. 751(a) provides:

If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, *the court* or district justice *shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth,* where the appeal or other matter shall be treated as if originally filed in the transferee court on the date first filed in a court or magisterial district. (emphasis added)

(1979). Dickerson counters that he has not waived any issues because the common pleas court did not adhere to Rule 1123 of the Pennsylvania Rules of Criminal Procedure, providing that "the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record of the right to file post-verdict motions...." Pa.R.Crim.P. 1123(c).

In addressing the mandate of Rule 1123, our Supreme Court in *Commonwealth v. Hollingsworth,* 524 Pa. 172, 569 A.2d 947 (1990), held that a judge or issuing authority is required to inform a defendant he has a right to appeal, "and that either a notice of appeal or post verdict motion, whichever is appropriate, must be filed to preserve issues for appeal." *Id.,* 524 Pa. at 177, 569 A.2d at 949. There, the Supreme Court held that since there was no indication in the record that Rule 1123(c) was followed, the appellant had not waived any substantive issues.

■ Likewise, Dickerson contends he was not given the required instruction by the trial judge, as evidenced by the record, and therefore, he has not waived his appeal rights. We conclude, under *Hollingsworth,* that he has not. Consequently, we will exercise our jurisdiction and address the issues Dickerson raises.

■ Dickerson contends that he was not hunting during his revocation period,[3] but sitting in the blind, watching for intruders on his property. He testified that he wanted to appear as a hunter in an attempt to catch people trespassing on his property. In further testimony, he stated, "[I] did not have many items on me that are necessary for hunting, things for scents ... I did not have my hunting license." (Notes of Testimony 2/21/90, pp. 16–18).

**3.** 34 Pa.C.S. § 2711(a)(1) provides:
(a) *[I]t is unlawful for any person to:*
(1) *Hunt* or take any game or wildlife by any means or manner or device, including the use of dogs, *without first securing and personally signing and displaying the required license.*
(emphasis added)

The Commonwealth presented the testimony of the Wildlife Conservation Officer who observed Dickerson. After seeing Dickerson, dressed in jeans and a camouflage shirt, carrying a compound bow, the officer waited twenty minutes to be sure Dickerson was not merely passing through the area. He testified that Dickerson was "lying in wait basically for game." (N.T., 2/21/90, p. 6).

The Wildlife Code, in pertinent part, defines hunting as: "[a]ny act or furtherance of the taking or killing of any game or wildlife ... and includes, but is not limited to, chasing, tracking, calling, pursuing, *lying in wait*, trapping...." 34 Pa.C.S. § 102 (emphasis added).

The trial court, hearing all the testimony and weighing the evidence, found Dickerson's testimony untenable and resolved that Dickerson was in fact hunting. We agree.

■ The final issue to be addressed is whether Dickerson, in violation of Section 2711(a)(10) of the Code,[4] applied for a license during his revocation period. Dickerson, by his own testimony, admitted he applied for and purchased a hunting license prior to the expiration of his revocation period. (N.T., 2/21/90, pp. 17–18). However, Dickerson contends he was under the impression that his license revocation *ceased* in 1989, and subsequently purchased a hunting license when the new licenses were issued in the beginning of 1989. The Commonwealth introduced into evidence a letter from the Game Commission, advising Dickerson that his hunting privileges had been revoked through August 31, 1989, and clearly instructing him that it was unlawful, in the words of the common pleas court, "to

4. 34 Pa.C.S. § 2711(a)(10) provides, *inter alia:*
  (a) *[I]t is unlawful for any person to:*
    (10) *Hunt* or take, or aid, assist or attempt to hunt or take, furbearers or take any game or wildlife anywhere in this Commonwealth, *either with or without a license, or make application, receive or attempt or conspire to receive any license required by this chapter, during any period that these privileges have been denied or withdrawn by this title,* by the director or a district justice or court. (emphasis added)

purchase a hunting license, period." (N.T., 2/21/90, pp. 7, 12).

Affirmed.

## ORDER

The order of the Dauphin County Court of Common Pleas dated February 21, 1990, No. 3107 C.D.1989, is affirmed.