J-S24019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL W. LINDENMUTH | : | |
| | : | |
| Appellant | : | No. 1087 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 18, 2020
In the Court of Common Pleas of Cameron County
Criminal Division at No(s):  CP-12-SA-0000002-2020

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KING, J.:                    **FILED: AUGUST 17, 2021**

Appellant, Daniel W. Lindenmuth, appeals *pro se* from the judgment of

sentence entered in the Cameron County Court of Common Pleas, following

his summary conviction for unlawful taking or possession of game or wildlife.[1]

For the following reasons, we transfer this matter to the Commonwealth Court.

The relevant facts and procedural history of this case are as follows:

> Terry Stanton testified at the time of [the] summary trial on
> behalf of the Commonwealth that he resides in Wildlife
> Management Unit 2H in Cameron County, that on December
> 13, 2019 he observed two individuals in the area of his
> residence that he had concerns they were "road hunting"
> and, consequently, Mr. Stanton contacted the Pennsylvania
> State Police about the activity he was observing.  Trooper
> Scott Bauer, Pennsylvania State Police, Emporium Barracks,
> testified that he responded to the area of the residence of

---

[*] Former Justice specially assigned to the Superior Court.

[1] 34 Pa.C.S.A. § 2307(a).

Terry Stanton on December 13, 2019 where he observed [Appellant] in the woods[,] field dressing a deer. Trooper Bauer further testified that he did not observe any antlers on the deer that [Appellant] was field dressing. State Game Warden Wayne Hunt, Pennsylvania Game Commissioner, testified that [Appellant] did not have a valid 2019 antlerless deer tag for Wildlife Management Unit 2H. [Appellant] admitted to State Game Warden Hunt that he shot a "button buck" but was adamant that it was in Wildlife Management Unit 2G. Despite [Appellant] being adamant that he shot the subject deer in Wildlife Management Unit 2G [Appellant] did not sign his 2G antlerless deer tag. As it relates to an individual shooting an antlerless deer versus a button buck[,] State Game Warden Hunt testified on redirect examination that in order to shoot a button buck deer an individual would need an [antlerless deer] license.

(Trial Court Opinion, filed January 13, 2021, at 2-3) (internal citations and footnote omitted). Following a summary trial, the court convicted Appellant of unlawful taking or possession of game or wildlife. On August 18, 2020, the court sentenced Appellant to pay a $500.00 fine. Appellant timely appealed on September 16, 2020. On September 29, 2020, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b), which Appellant timely filed on October 6, 2020.

Preliminarily, we observe that "[t]he Commonwealth Court of Pennsylvania is conferred with jurisdiction over appeals from criminal prosecutions brought pursuant to the Game and Wildlife Code." *Commonwealth v. Gosselin*, 861 A.2d 996, 999 n.2 (Pa.Super. 2004) (citing *Commonwealth v. Neitzel*, 678 A.2d 369, 370 n.2 (Pa.Super. 1996)). *See also* 42 Pa.C.S.A. § 762(a)(2)(ii) (providing that Commonwealth Court has exclusive jurisdiction over criminal proceedings for violations of

regulatory statutes administered by Commonwealth agencies).

Instantly, in its Rule 1925(a) opinion, the trial court indicated that it mistakenly advised Appellant to file a notice of appeal in the Superior Court of Pennsylvania, even though the Commonwealth Court of Pennsylvania has jurisdiction over the current appeal. (**See** Trial Court Opinion at 4). Consequently, the trial court asked this Court to transfer the appeal to the Commonwealth Court. (**See id.**) We agree that the Commonwealth Court has jurisdiction over this appeal. **See** 42 Pa.C.S.A. § 762(a)(2)(ii); **Gosselin, supra**; **Neitzel, supra**. Accordingly, we transfer this appeal to the Commonwealth Court. **See** Pa.R.A.P. 751(a) (stating: "If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district").

Appeal transferred. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/17/2021

- 3 -