2025 PA Super 255

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE M. RIVERA, II | : | |
| | : | |
| Appellant | : | No. 1105 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 10, 2025
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-SA-0000011-2025

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

OPINION BY PANELLA, P.J.E.:                **FILED NOVEMBER 13, 2025**

Jose M. Rivera, II appeals from the judgment of sentence entered in the Court of Common Pleas of Chester County after he was convicted of exceeding the maximum posted speed limit.[1] After careful review, we affirm.

On the morning of September 28, 2024, Pennsylvania State Police Trooper Kyle Schuetrum was conducting radar speed enforcement of vehicles traveling westbound on Route 202 in East Whiteland Township, Chester County. *See* N.T. Trial, 4/9/25, at 10. At approximately 7:44 a.m., Trooper Schuetrum clocked a vehicle, driven by Rivera, traveling 71 mph in a 55-mph zone. *See id.* at 11. Trooper Schuetrum followed the vehicle and observed it change lanes without activating its right-hand turn signal as it exited Route 202. *See id.* at 11-12. Trooper Schuetrum initiated a traffic stop and informed

_____

[1] 75 Pa.C.S.A. § 3362(a)(3).

Rivera that he had been conducting speed enforcement and clocked Rivera's vehicle traveling at 71 mph. *See id.* at 12-13. However, Trooper Schuetrum issued Rivera a citation for the lesser, zero-points offense of changing lanes without signaling.[2]

Rivera pleaded not guilty to the lane change offense. At the summary hearing held before the magisterial district court on January 8, 2025, Trooper Schuetrum amended the citation to charge Rivera with speeding, as he "felt more comfortable testifying to the original reason for the stop, which was speed enforcement." *See id.* at 13. The magisterial district judge found Rivera guilty of speeding, and Rivera appealed.

On April 9, 2025, the trial court held a *de novo* summary appeal hearing at which Rivera argued that the Commonwealth was time-barred from proceeding with its prosecution pursuant to the applicable statute of limitations because Trooper Schuetrum amended the citation to include the speeding charge more than thirty days after he issued the original citation. *See id.* at 20. The trial court found Rivera guilty of speeding and imposed a fine of $57 plus costs of prosecution as well as four points on Rivera's license. *See* Verdict on Summary Appeal, 4/10/25.

---

[2] 75 Pa.C.S.A. § 3334(a).

Rivera timely filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its opinion, pursuant to Pa.R.A.P. 1925(a), on May 15, 2025.

On appeal, Rivera presents the following questions for our review:

(1) Was it [] error to allow the Commonwealth to proceed with its prosecution based on a summary traffic citation that was amended by the Commonwealth more than thirty [] days after the date of the offense and which charged the defendant with an entirely different offense?

(2) Was it error to allow the Commonwealth to proceed on an amended citation that failed to include a summary of the facts alleged, in violation of Criminal Rule 403(a)(6)[?]

Appellant's Brief, at 2 (formatting altered; lower court answers omitted).

Rivera challenges his summary conviction of speeding.

Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether the trial court committed an error of law and whether competent evidence supports the findings of fact. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will.

***Commonwealth v. Ishankulov***, 275 A.3d 498, 502 (Pa. Super. 2022) (citations and quotation marks omitted).

In each issue, Rivera contends that the trial court erred in permitting the Commonwealth to proceed with its prosecution based on the amended traffic citation.

- 3 -

When a law enforcement officer initiates a summary case by issuing a citation, the officer "contemporaneously shall give the defendant a paper copy of the citation containing all the information required by Rule 403." Pa.R.Crim.P. 405. Rule 403 requires that every citation contain, *inter alia*, "a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged[.]" Pa.R.Crim.P. 403(A)(6). Where a citation is amended to correct a defect in form, content, or procedure, Rule 109 instructs us as follows:

> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case … and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 109. Critically, courts "cannot find the necessary prejudice if the content of the citation, taken as a whole, prevented surprise as to the nature of the summary offenses on which a defendant was found guilty at trial." *Commonwealth v. Neitzel*, 678 A.2d 369, 375 (Pa. Super. 1996) (citation omitted).

In his first issue, Rivera alleges the Commonwealth's prosecution of the speeding offense is barred because Trooper Schuetrum's amendment to the citation occurred after the applicable statute of limitations expired. *See* Appellant's Brief, at 5-6. Specifically, Rivera maintains "[i]t is contrary to the applicable rules, statutes, and case law to allow the Commonwealth, on

- 4 -

January 8, 2025, more than three months after the events in this case took place, to either issue a new citation or amend the existing citation to add an entirely new and different charge." *Id.* at 6-7. We disagree.

Pursuant to our Judicial Code, proceedings for a summary offense involving a vehicle "must be commenced within 30 days after the commission of the alleged offense[.]" 42 Pa.C.S.A. § 5553(a). Generally, the prosecution of a summary traffic offense commences when a citation is issued. *See* 42 Pa.C.S.A. § 5552(e). However, the thirty-day statute of limitations period for commencing a prosecution is tolled when "a prosecution against the accused for the same conduct is pending in this Commonwealth[.]" 42 Pa.C.S.A. § 5554(2).

Here, Rivera committed the alleged summary traffic offenses on September 28, 2024, and Trooper Schuetrum issued the original citation that same date, thereby commencing the prosecution for statute of limitations purposes. *See* 42 Pa.C.S.A. §§ 5552(e), 5553(a). The statute of limitations was tolled when Trooper Schuetrum amended the citation to include the speeding offense on January 8, 2025, because a prosecution was pending against Rivera in the Commonwealth for the same conduct. *See* 42 Pa.C.S.A. § 5554(2). Accordingly, contrary to Rivera's assertions, Trooper Schuetrum's amendment to the original traffic citation did not violate the applicable statute of limitations. *See Com., Dept. of Transp. v. Palmer*, 482 A.2d 1318, 1321 (Pa. Super. 1984) (finding amendment of citation more than thirty days after

issuance did not implicate the statute of limitations where amendment did not commence a new proceeding and both original and amended citations referred to the same conduct).

Moreover, even if amending the citation to include the speeding charge constituted a procedural error, Rivera's claim would nonetheless fail because he has not demonstrated that he was actually prejudiced by the amendment. *See* Pa.R.Crim.P. 109. To support his argument, Rivera cites ***Commonwealth v. Tyler***, 324 A.3d 1205, 2024 WL 3272796, at *3 (Pa. Super. filed July 2, 2024) (unpublished memorandum),[3] in which a panel of this Court reiterated the various factors to be considered when passing upon the propriety of an amendment to a criminal information pursuant to Rule 564. *See* Appellant's Brief, at 9-10. However, Rivera's reliance on ***Tyler*** is misplaced, where here, the proceedings against Rivera were initiated by the issuance of a citation, and citation amendments are governed by Rule 109, opposed to Rule 564 as Rivera incorrectly asserts. ***See id.*** at 8-9.

Upon considering Trooper Schuetrum's testimony regarding his initial encounter with Rivera during the traffic stop and the "content of the citation, taken as a whole," we cannot conclude that the amendment prejudiced or surprised Rivera "as to the nature of the summary offenses on which [he] was

---

[3] Although unpublished decisions filed after May 1, 2019, may be cited for their persuasive value, for the reasons explained above, we do not find ***Tyler*** to be persuasive.

found guilty at trial." **Neitzel**, 678 A.2d at 375. Trooper Schuetrum informed Rivera that he had pulled him over for speeding but instead opted to cite him for the observed turning violation. The amended charge was based on the same encounter and evolved out of the same factual scenario, *i.e.*, the stop of Rivera's vehicle initiated by Trooper Schuetrum after he observed two moving violations. Although Trooper Schuetrum graciously did not charge Rivera with speeding in the original citation, he nonetheless indicated in the citation that Rivera was speeding at 71 mph. **See** Traffic Citation, 9/28/24. Rivera has offered no explanation as to how he was actually prejudiced at his trial *de novo*, which occurred three months after his summary hearing and afforded him ample time and opportunity to develop and present a defense to the amended charge. Rather, as the court emphasized in the following exchange at his trial *de novo*, Rivera again failed to present a defense to the speeding charge:

> The Court: [A]ny defect… in notice that may have occurred below, I find has been cured as of today. In other words, you knew what the trooper and the Commonwealth were going to proceed on as of today. You had time to prepare a defense. I did not hear a defense to the substantive charge of speeding. I do find that the trooper timely wrote the citation in terms of the statute of limitations. He initiated his prosecution within 30 days, and, in fact, the same day, and that any notice issues that may have occurred below were cured.
>
> Mr. Rivera: You said [he] made a change the same day?
>
> The Court:  No. I said he initiated his prosecution under this set of facts and circumstances within 30 days, so he wrote the initial citation within 30 days. He charged you with a moving violation. He then changed that moving violation —

- 7 -

Mr. Rivera: Months later.

The Court: I understand that. And the cure for that is to provide you notice and an opportunity to prepare your defense, which you had as of today. It doesn't mean the ticket gets thrown out. That's my ruling. It means that you get time to defend yourself against the new charge, the different charge that arises from the same set of facts and circumstances as the original charge. So that's the purpose of getting this hearing here today, which you did, and I did not[] hear any defenses to the speeding[ charge].

N.T. Summary Appeal Hearing, 4/9/25, at 26-28 (unnecessary capitalization omitted). Accordingly, we discern no abuse of discretion by the trial court in allowing the Commonwealth to proceed with its prosecution on the amended citation.

In his second issue, Rivera alleges the trial court erred in permitting the Commonwealth to proceed on a "facially defective" amended citation "which fails to set forth a summary of the facts" in violation of Pa.R.Crim.P. 403(a)(6). Appellant's Brief, at 13, 6. We disagree.[4]

The factual summary set forth in a citation, as required by Rule 403(a)(6),

is meant to accurately describe the gravamen of the offense rather than lay out a blow-by-blow description of events. The summary must be sufficient to advise the defendant of the nature of the

---

[4] As a preliminary matter, we note that in its brief, the Commonwealth maintains Rivera waived this issue by raising it for the first time on appeal, in violation of Pa.R.A.P. 302(a). **See** Appellee's Brief, at 10-11. However, we decline to find waiver, as Rivera presented this argument in a document that the court admitted into evidence at trial. **See** Exhibit D1, 4/9/25. However, for the reasons explained below, even if the issue were waived, it does not merit relief.

offense charged, notifying him of the pending prosecution and affording him a chance to defend himself. The description of the offense is adequate as long as it advises the defendant of the nature of the charge and does not cause surprise which is prejudicial.

*Commonwealth v. Lopata*, 754 A.2d 685, 687 (Pa. Super. 2000) (quotation marks and citations omitted).

Rivera maintains that the summary of facts set forth in the amended traffic citation was "inadequate to support the amended charge of [] speeding." Appellant's Brief, at 14. Much of Rivera's argument is centered on his belief that the citation contains a "substantive defect," which in his view, permits discharge of a defendant pursuant to Rule 109, whereas an "informal defect" does not warrant discharge. *Id.* However, the comments to Rule 109 expressly preclude an argument premised on any such distinction in the type of defect a citation contains:

> This rule clarifies when a defendant should be discharged or a case dismissed because of a defect; it eliminates disputes as to what is an informal defect or a substantive defect. As a condition of relief regardless of whether the defect is in form, content, or procedure, the court or issuing authority must determine that there is actual prejudice to the rights of the defendant.

Pa.R.Crim.P. 109, *Comment*.

Although Trooper Schuetrum described the nature of the offense as "turned or changed lanes without safety and or without signaling" in the amended citation, *see* Traffic Citation, 9/28/24 (unnecessary capitalization omitted), Rivera has failed to demonstrate that he was prejudiced by any inadequacy in the amended citation's content. *See* Pa.R.Crim.P. 109. Rather,

- 9 -

Rivera summarily assumes that he was prejudiced merely because Trooper Schuetrum failed to amend the citation's factual summary when he amended the charge to speeding and ignores that the additional information contained in the amended citation, taken as a whole, adequately informed him of the nature of the summary offense with which he was charged. *See Neitzel*, 678 A.2d at 375. Specifically, the amended citation included a citation to the specific section of the speeding statue Rivera was charged pursuant to and indicated that Rivera's actual speed of travel was 71 mph, while the maximum allowed speed was 55 mph. *See* Traffic Citation, 9/28/24. Therefore, Rivera is not entitled to dismissal of the speeding charge based on any defect in the amended citation's factual summary. Again, we discern no abuse of discretion by the trial court in allowing the Commonwealth's prosecution to proceed on the amended citation.

For the foregoing reasons, Rivera is not entitled to relief, and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2025

- 10 -