J-S15002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESSE PAUL KINDER | : | |
| | : | |
| Appellant | : | No. 693 WDA 2019 |

Appeal from the Judgment Entered January 24, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000314-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESSE PAUL KINDER | : | |
| | : | |
| Appellant | : | No. 694 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 29, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000314-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESSE PAUL KINDER | : | |
| | : | |
| Appellant | : | No. 695 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 29, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000306-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
|---|---|---|
| v. | : | |
| | : | |
| | : | |
| JESSE PAUL KINDER | : | |
| | : | |
| Appellant | : | No. 696 WDA 2019 |

Appeal from the Judgment Entered January 24, 2019
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000306-2018

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 2, 2020**

In these consolidated cases, Jesse Paul Kinder (Appellant) appeals from the aggregate judgment of sentence of 10 to 20 years' incarceration, imposed after he was convicted in two separate cases, following a consolidated non-jury trial, of offenses stemming from his burglarizing two businesses in Crawford County, Pennsylvania.  Appellant challenges the sufficiency of the evidence to sustain his convictions, as well as the sentence imposed by the court.  After careful review, we quash Appellant's appeals in cases 693 WDA 2019 and 696 WDA 2019; we affirm his judgment of sentence in case 695 WDA 2019 (hereinafter "the Hite case"); and we vacate his judgment of sentence in case 694 WDA 2019 (hereinafter "the Bucket of Suds case") and remand for resentencing.

## Hite Case Facts & Procedural History

_____

* Former Justice specially assigned to the Superior Court.

In the Hite case (695 WDA 2019 and 696 WDA 2019), the trial court summarized the facts, as follows:

> The Hite Company is an electric distributor located on … Baldwin Street Park Road.[1]  Bruce Ridgeway, its manager, on entering a side man [sic] door of the premises on the morning of March 12, 2018, discovered that the safe, located in the office at the back of the store, had been pried open and its contents scattered on the floor.  A window in the back door also [had] been smashed, and "a whole bunch of Milwaukee tools that were hanging on the wall behind the counter ... were all gone."  N.T. [Trial], 1/24/19 (1:15), at 10.  A security camera located behind the service counter recorded the presence, at around 2 a.m. that morning, of an individual dressed in dark clothing with some sort of lighter face mask and a head lamp, wearing patterned gloves and carrying a crowbar.  A camera located outside above the store's loading dock also recorded the movements of an individual at this time, and the apparent loading of a vehicle that pulled up and later drove off.
>
> Mitchell Parker of the Meadville City Police Department, responding to Bruce Ridgeway's 911 call, found there was also damage to the coinage portion of a beverage vending machine located inside the store.  Lying on the floor was an inventory tag for a Klein backpack that was also missing.  Officer Parker noticed that yellow paint had been transferred onto the safe when it was pried open, and onto an office filing cabinet that had also been damaged.

---

[1] The court stated that its factual summary is

> based upon the credible testimony of the Commonwealth's five witnesses and the twenty-eight photographs, inventory, cost estimates, and DVD (surveillance videos) admitted without objection (except for Commonwealth's Exhibit 24…, the objection to which was overruled).  [Appellant], who was unrepresented but assisted by standby counsel, did not offer any testimony or other evidence.  A summary of this [c]ourt's factual findings was also placed on the record.  N.T. [Trial], 1/24/19 (3:25 p.m., after recess), [at] 30-39.

Trial Court Opinion (TCO I), 6/11/19, at 2 n.7.

Within a week thereafter, [Appellant] was arrested at the Bucket of Suds car wash in Saegertown for burglary. Evidence collected there included two pry bars, a new Milwaukee tool grinder, battery packs for the grinder, a Klein camouflaged-colored backpack, and a head lamp. The backpack was of the type stolen from the Hite Company, and the grinder bore the same model number as the missing one. Yellow paint found on the Hite Company safe tested consistent visually, microscopically, and instrumentally with the yellow paint on the smaller crowbar. The clothing [Appellant] was wearing included black gray-patterned gloves, black sweatpants, lighter blue cut-off[s] of some sort, and [a] black hooded sweatshirt with a white and green football logo on the left breast. The logo patch appears to match the one visible on the chest of the Hite Company intruder, whose physique matches that of [Appellant].

TCO I at 2-4 (footnotes omitted).

At the close of Appellant's non-jury trial on January 24, 2019, the court convicted him in the Hite case of burglary, criminal trespass, theft by unlawful taking, and criminal mischief. On March 29, 2019, the court sentenced him to an aggregate term of 36 to 72 months' incarceration. Appellant did not file a post-sentence motion.

On April 29, 2019, Appellant filed two, *pro se* notices of appeal in this case.[2] In the appeal docketed by this Court at 695 WDA 2019, Appellant appealed from his March 29, 2019 judgment of sentence. In the appeal docketed at 696 WDA 2019, Appellant appealed from the court's verdict entered on January 24, 2019. As Appellant's appeal properly stems from his

_____

[2] On June 4, 2019, the trial court issued an order stating that, following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), it was granting Appellant's request to proceed *pro se* on appeal. However, the attorney who acted as Appellant's stand-by counsel at trial thereafter filed a brief on Appellant's behalf.

judgment of sentence, rather than the court's verdict, we hereby quash Appellant's duplicative appeal at 696 WDA 2019. ***Commonwealth v. Neitzel***, 678 A.2d 369, 370 n.1 (Pa. Super. 1996) (concluding that Neitzel erred by characterizing his appeal as stemming from an order where "a direct appeal following the entry of the verdict and imposition of sentence is an appeal from the judgment of sentence") (citation omitted).

**Bucket of Suds Case Facts & Procedural History**

In the cases docketed at 693 WDA 2019 and 694 WDA 2019, the trial court summarized the facts, as follows:

> Kevin Byers, in the early morning hours of March 19, 2018, could not sleep, and so was sitting in his upstairs living room.[3] He heard banging, and looking out his window, saw "two people trying to bang through the door" to the Bucket of Suds, a manual car wash located adjacent to his residence in Saegertown. N.T. [Trial] … at 7…. He called the Pennsylvania State Police (PSP), the borough manager, and Philip A. Koon, owner of the Bucket of Suds, to report this. Seeing one of the two people run down the back alley, he dressed and went to investigate, and found the door to the car wash office had been kicked in. He was about to enter when he heard grinding noises, and realized that someone was inside. Trooper Cody Northcott of the PSP, who arrived at about

_____

[3] The trial court stated that its factual summary is

> based upon the credible testimony of the Commonwealth's four witnesses, three photographs (admitted without objection), and [a] CD of recorded telephone calls (admitted over [Appellant's] objection). [Appellant], who was unrepresented but assisted by standby counsel, did not offer any testimony or other evidence. A summary of this [c]ourt's factual findings was also placed on the record. N.T [Trial at] 94-99.

Trial Court Opinion (TCO II), 6/11/19, at 2 n.8.

2 a.m. with Trooper Zachary Kosko, talked with Mr. Byers, observed the damaged door, and also heard grinding noises. He and Trooper Kosko entered the office by pushing the door in, finding [Appellant] with a Milwaukee grinder tool within arms' reach. [Appellant] was immediately arrested. Also found inside the office (which was in disarray) were battery packs for the grinder, two pry bars, and a Klein backpack, none of which belonged to Mr. Koon. Inside the backpack were some lottery tickets and coins totaling $203.16, which had previously been on Mr. Koon's desk. Dust had fallen from a coin machine, which bore grinding marks.

A woman identified as [Maegan] Duda, who had been observed driving past the car wash and subjected to a traffic stop, returned and asked whether she should be on the lookout for anyone. [Appellant] later, at the correctional facility, placed two recorded calls to Duda's telephone number in which he expressed regret that he had not left sooner ("I should have just took what I had and left. It was like $300."), and surprise at being caught at 2 a.m. ("like the entire neighborhood was out"). *Id.* at 57…; [*id.* at] 70…. The woman he spoke with stated that she had been "pulled over in Saegertown that night because they [we]re looking for a second person." *Id.* at 63….[4]

TCO II at 2-3 (footnotes omitted).

Following a non-jury trial, the court convicted Appellant in the Bucket of Suds case of burglary, criminal trespass, theft by unlawful taking, and receiving stolen property. On March 29, 2019, the court sentenced him to an aggregate term of 84 to 168 months' incarceration, to run consecutive to his sentence in the Hite case. Appellant did not file a post-sentence motion.

On April 29, 2019, Appellant filed two, *pro se* notices of appeal in this case. In the appeal docketed by this Court at 694 WDA 2019, Appellant appealed from his March 29, 2019 judgment of sentence. In the appeal

_____

4 Duda ultimately pled guilty to conspiring with Appellant to commit the burglary of the Bucket of Suds car wash. *See* TCO II at 2.

docketed at 693 WDA 2019, Appellant appealed from the court's verdict entered on January 24, 2019. As Appellant's appeal properly stems from his judgment of sentence, rather than the court's verdict, we hereby quash Appellant's duplicative appeal at 693 WDA 2019. *See Neitzel*, *supra.*

### Consolidated Issues

In both cases, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, prior to the entry of that order, Appellant had already filed *pro se* concise statements in each case on April 22, 2019, which are labeled as "*pro se* correspondence" on the dockets. After the court's Rule 1925(b) order, Appellant timely served the court with his *pro se* Rule 1925(b) statements on May 16, 2019, and he also sent copies of the statements to the Court Administrator. *See* TCO I at 1 n.2; TCO II at 1 n.2. While Appellant did not re-file his concise statements, we do not consider his claims waived, as his Rule 1925(b) statements were filed in each case on April 22, 2019. On June 4, 2019, the court issued its Rule 1925(a) opinions.

We now review the following four issues that Appellant states on appeal:

I. Whether the grading for [Appellant's] conviction for criminal mischief, [a] felony [of the] third degree, [in the Bucket of Suds case], should be corrected to reflect grading as a misdemeanor of the second degree?

II. Whether the trial court erred in imposing separate sentences for [Appellant's] burglary and criminal trespass convictions [in] both [the Hite case] and [the Bucket of Suds case], based on the doctrine of merger?

- 7 -

III. Whether the trial court improperly based its guilty verdicts [in the Hite case] on [Appellant's] possession of certain items after previously determining that [Appellant] did not possess these items during disposition of a pre-trial suppression motion?

IV. Whether the evidence [in the Hite case] was insufficient to sustain [Appellant's] convictions?

Appellant's Brief at 6 (unnecessary capitalization omitted).

In Appellant's first issue, he challenges the legality of his sentence for criminal mischief in the Bucket of Suds case, contending that the grading of that offense was incorrect. *See Commonwealth v. Aiken*, 139 A.3d 244, 245 (Pa. Super. 2016) ("[T]he proper grading of an offense pertains to the legality of the sentence."). We agree. Under 18 Pa.C.S. § 3304(b), criminal mischief is graded as a misdemeanor of the second degree if the pecuniary loss caused is more than $1,000, but less than $5,000. The trial court and the Commonwealth both concede that under this provision, Appellant's criminal mischief conviction should have been graded as a misdemeanor of the second degree, as the amount of damage he caused was $3,280.29. *See* TCO II at 12; Commonwealth's Brief at 14-15. Therefore, we vacate Appellant's judgment of sentence in the Bucket of Suds case (694 WDA 2019) and remand for resentencing. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006) (stating that if our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentencing plan).

In Appellant's second issue, he argues that his sentences for burglary and criminal trespass in both the Hite case and the Bucket of Suds case are illegal because those convictions should have merged for sentencing purposes. In support, he relies on our Supreme Court's plurality decision in *Commonwealth v. Jones*, 912 A.2d 815 (Pa. 2006), where the Court concluded that burglary and criminal trespass could merge for sentencing purposes when a defendant is convicted under a single set of facts that satisfy both offenses. However, Appellant disregards that

> [j]ust three years [after *Jones*], our Supreme Court revisited its approach to merger. *See Commonwealth v. Baldwin*, 604 Pa. 34, 985 A.2d 830 (2009). In a majority decision, *Baldwin* … held the plain language of [42 Pa.C.S. §] 9765 reveals a legislative intent "to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Id.* at 45, 985 A.2d at 837. *Baldwin* rejected the "practical, hybrid approach" advocated in the lead *Jones* plurality opinion. *Id.* at 42, 912 A.2d at 835. Instead, *Baldwin* held that when each offense contains an element the other does not, merger is inappropriate. *Id.* at 45, 985 A.2d at 837.

*Commonwealth v. Quintua*, 56 A.3d 399, 401 (Pa. Super. 2012).

In *Quintua*, we recognized that, "notwithstanding the plurality's conclusion in *Jones* regarding merger of criminal trespass and burglary, the current state of merger law in Pennsylvania makes clear there is no merger if each offense requires proof of an element the other does not." *Id.* (citations omitted). The *Quintua* panel then explained:

> Examining the elements of criminal trespass, a conviction for that offense requires a person: (1) to break or enter into with

subterfuge any building or occupied structure; (2) knowing he is not licensed or privileged to do so. **See** 18 Pa.C.S.[] § 3503(a)(1). On the other hand, to commit burglary, a person must: (1) enter a building or occupied structure; (2) with intent to commit a crime therein. **See** 18 Pa.C.S.[] § 3502(a). The plain language of the respective statutes demonstrates why they do not merge. Criminal trespass contains an element of knowledge—a person committing that offense must know he is not privileged to enter the premises. Burglary has no such knowledge requirement. Burglary does, however, require intent to commit a crime within the premises, an element that criminal trespass lacks. As each offense requires proof of an element the other does not, the sentences should not merge. **See Jones, supra** at 376, 912 A.2d at 827 (Newman, J., dissenting) (stating: "[N]ot every burglary is a criminal trespass, and vice versa.").

**Id.** at 402.

Based on our discussion and holding in **Quintua**, it is clear that Appellant's argument premised on **Jones** is meritless. His sentences for burglary and criminal trespass do not merge.

Appellant's next two claims challenge the sufficiency of the evidence to sustain his convictions in the Hite case. To begin, we note our standard of review:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. **Commonwealth v. Moreno**, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. **Commonwealth v. Hartzell**, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. **Moreno, supra** at 136.

**Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011).

- 10 -

In his third issue, Appellant contends that the trial court impermissibly based its identification of him as the perpetrator of the Hite Company break-in based on his possession of certain items — namely, the "Milwaukee grinder, battery packs, a Klein back pack, and two crow bars" — that were found in the Bucket of Suds office with Appellant when he was arrested one week later. Appellant's Brief at 20. He argues that the court's finding that he possessed these items contradicted its prior ruling on his pre-trial motion to suppress, in which the court stated that,

> [t]here was no seizure of any of [Appellant's] property[,] other than I gather his clothing after he was arrested and incarcerated[,] and that seizure was a consequence of a warrant. So I'm not here to even address that. The physical items were not — they did not belong to [Appellant], so there is not a seizure issue.

*Id.* at 21 (quoting N.T. Suppression Hearing, 12/3/18, at 35). Appellant insists that if the court found he did not own the at-issue items, it follows that he also did not possess them. *Id.* Therefore, he claims that, under the legal concept of "judicial estoppel," the court "was bound to disassociate these items with [Appellant's] possession." *Id.*

Appellant's argument is meritless. The trial court never ruled that Appellant did not *possess* the at-issue items during the suppression hearing; instead, it simply stated that the items did not *belong* to him. *See* TCO I at 4 (citing N.T. Suppression Hearing at 35). The Commonwealth observes, and we agree, that "possession and ownership can be mutually exclusive. One need not own an item to possess it." Commonwealth's Brief at 19. Therefore,

even if the trial court ruled that Appellant did not own the items for suppression purposes, it was not bound to conclude that he did not possess those items in determining his guilt. Appellant's third issue is meritless.

Finally, Appellant claims that the evidence was insufficient to prove that he was the person who robbed the Hite Company. He stresses that the Commonwealth had only circumstantial proof of his identity, namely "surveillance video showing the perpetrator's generic clothing and alleged possession [of] several generic tools of the same brand as were missing from the [Hite Company,] and a paint sample taken from one of the tools matching a paint transfer found on the safe." Appellant's Brief at 22. Appellant insists that this evidence was inadequate to prove that he was the perpetrator in the Hite case.

We are unconvinced. As the Commonwealth explains, it

elicited testimony from Bruce Ridgeway, the employee of the Hite Company, about the incident at his store on or about March 11-12, 2018. He testified as to the damage he observed when he arrived at the store. He noted a number of items that had been stolen, including Milwaukee tools and a camouflage Klein backpack. He testified that there was a broken window, damage to a Coke machine and damage to a safe. In addition to that direct evidence, the Commonwealth introduced photographs of the damaged areas and a surveillance video that caught the perpetrator inside and outside the building.

The surveillance video showed the perpetrator wearing dark clothing, specifically gloves, dark pants, a hoodie with a light colored logo on the left chest area and a mask. At trial, the Commonwealth introduce[d] evidence that Appellant, when arrested at the Bucket of Suds car wash, was wearing similar clothing and was actually booked into the jail with that clothing.

The Commonwealth also introduced items recovered at the Bucket of Suds break in, specifically a Milwaukee grinder, batteries and a pry bar with yellow paint. The Milwaukee grinder and batteries were shown to be the same make and model as those stolen from the Hite Company. The[] yellow paint from the pry bar was found to be visually, microscopically, and instrumentally consistent with the yellow paint found on the Hite Company break in.

Commonwealth's Brief at 21-22.

We agree with the Commonwealth that this evidence, albeit circumstantial, was sufficient to prove, beyond a reasonable doubt, that Appellant was the perpetrator of the burglar at The Hite Company. **See Koch**, 39 A.2d at 1001 (stating that "[t]he evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt") (citation omitted); **see also Commonwealth v. Feliciano**, 67 A.3d 19, 23 (Pa. Super. 2013) ("The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder[,] unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ) (citation omitted). Accordingly, Appellant's challenge to the sufficiency of the evidence to sustain his convictions in the Hite case is meritless.

Appeals at 693 WDA 2019 and 696 WDA 2019 quashed. Judgment of sentence in 694 WDA 2019 vacated and case remanded for resentencing. Judgment of sentence in 695 WDA 2019 affirmed. Superior Court

- 13 -

Prothonotary is directed to return the certified record to the trial court.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2020